**Barry Lakeith GRIGSBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00728–CR.**

Court of Appeals of Texas, Dallas.

May 21, 1992.

Discretionary Review Refused Sept. 30, 1992.

Lawrence B. Mitchell, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before THOMAS, MALONEY and KAPLAN, JJ.

## OPINION

MALONEY, Justice.

A jury found Barry Lakeith Grigsby guilty of aggravated robbery and assessed a sixteen year sentence, enhanced, and a $105 fine. In two points of error, appellant alleges improper jury argument and jury charge error. We overrule appellant's points of error. We affirm the trial court's judgment.

## STATEMENT OF FACTS

The State indicted appellant and his co-defendant for aggravated robbery. Each indictment contained an enhancement paragraph. The jury heard both appellant's and his co-defendant's cases in the same trial. During the guilt/innocence stage, the State introduced evidence that appellant and his co-defendant both committed aggravated robbery. The jury found both guilty.

Appellant and his co-defendant pleaded true to the enhancement paragraphs. The jury heard evidence of the co-defendant's prior conviction and sentence during the punishment stage of trial.

## JURY ARGUMENT

■ In his first point of error, appellant contends that the State's argument invited the jury to consider the parole laws in assessing punishment. In requesting punishment in the co-defendant's case, the State argued:

And for these two things, he gets a sentence of twelve years in the penitentiary, and he gets that sentence on June the 23rd, 1986. He's sentenced to twelve years in the penitentiary for those three felony convictions.

Well, what else do you know about him? He gets out of the pen sometime; at least, you know he's out November the 20th—the 19th and 20th of 1990—

Appellant's attorney objected that this was a comment on the parole laws. The trial court overruled the objection.

■ Proper jury argument includes (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to arguments of opposing counsel, and (4) pleas for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex.Crim. App.1973). Because prior enhancement convictions must occur sequentially, we permit the State to argue the relationship between date of indictment and "pen packs." *See Todd v. State*, 598 S.W.2d 286, 297 (Tex.Crim.App. [Panel Op.] 1980).

Both appellant's and his co-defendant's indictments alleged a prior conviction for enhancement purposes. The State introduced evidence of the co-defendant's prior conviction and the date of the offense on trial. The evidence showed that appellant and his co-defendant committed this aggravated robbery before the co-defendant's twelve-year sentence would have expired. Any jury could have reasonably deducted from this evidence that the co-defendant did not serve his full sentence on the prior conviction.

The State did not directly mention or allude to the parole laws. It did no more than sum up the evidence before the jury. Under these circumstances, the jury argument was not improper or erroneous.

We overrule appellant's first point of error.

## JURY CHARGE

■ In his second point of error, appellant argues that the trial court erred in denying a jury instruction on parole. The court included the statutory parole charge in both appellant's and his co-defendant's jury charges. *See* TEX.CODE CRIM.PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1992). The co-defendant objected to the entire charge. The court deleted parole language from his jury charge.

Appellant wanted the court to delete from the jury charge every paragraph that referred to "good time" credit. Appellant's requested deletion left only the middle paragraph on "until actual time served equals one-fourth or fifteen years, whichever is less...." *See id.* The court refused to delete only a portion of the charge. Instead it removed the parole charge from appellant's jury charge. Ap-

pellant then requested that the entire instruction be placed back in the charge. The court refused to do so.

The clear and unambiguous statutory language directs the trial court to give a parole charge. The trial court erred in not instructing the jury under the mandatory statute.

■ Appellant maintains that the trial court's error in not following the mandatory statute is not subject to a harmless error analysis under rule 81(b)(2), but requires an automatic reversal. He relies on *Sodipo v. State*, 815 S.W.2d 551 (Tex.Crim.App.1990), to support his position. We agree that article 37.07, section 4(a) mandates that the jury instruction be given. *See Sodipo*, 815 S.W.2d at 554. However, we do not agree that the other factors requiring *Sodipo* automatic reversal are present in this case.

■ When an appellant objects to the court's giving the parole law instruction, we measure the harm in the error. *See, e.g., Rose v. State*, 752 S.W.2d 529, 553–55 (Tex.Crim.App.1987) (op. on reh'g); *Hupp v. State*, 774 S.W.2d 56 *passim* (Tex.App.—Dallas 1989) (en banc), *aff'd*, 801 S.W.2d 920 (Tex.Crim.App.1991).[1] Texas courts perform a harm analysis even though the process by which the jury assessed punishment is not known. *See Rose*, 752 S.W.2d at 554.

This error is not such that it is extremely difficult to determine whether it might have affected the punishment assessed, nor is its likelihood of affecting punishment so strong that we find it unnecessary to evaluate the error's effect. *See Sodipo*, 815 S.W.2d at 554–55. We hold that the error is subject to a harmless error analysis.

■ Because appellant objected to the court's not including the parole instruction, we reverse if the error was calculated to injure appellant's rights. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g). Appellant must have

suffered some actual, not theoretical, harm. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim.App.1986). Any actual harm, regardless of degree, requires reversal. *Id.* We determine the actual degree of harm in light of the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record as a whole. *Almanza*, 686 S.W.2d at 171.

■ Texas courts agree that the State, not appellant, benefits from the parole law instructions. *See, e.g., Arnold v. State*, 786 S.W.2d 295, 298 (Tex.Crim.App.), *cert. denied*, — U.S. —, 111 S.Ct. 110, 112 L.Ed.2d 80 (1990). The parole instructions inform the jury how good-conduct time combines with actual time served to determine parole eligibility. *See id.* at 299; Tex. Code Crim.Proc.Ann. art. 37.07, § 4(a) (Vernon Supp.1992). The instruction was designed to increase jury sentences. *Arnold*, 786 S.W.2d at 300; *Gabriel v. State*, 756 S.W.2d 68, 70 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *see Rose v. State*, 752 S.W.2d 529, 532 (Tex.Crim.App.1987) (op. on original submission). We fail to see how *not* giving a charge meant to increase the length of a sentence harms an appellant.

The court did instruct the jury as follows:

[Y]ou are instructed that you are not to mention, refer to, discuss or consider how long the defendant will be required to remain in confinement to serve the sentence you decide to impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas.

The courts have regarded similar instructions as curative and mitigating factors to be considered when determining whether the *giving* of parole law instructions harmed an appellant. *See Arnold*, 786 S.W.2d at 311; *Rose*, 752 S.W.2d at 554 (op.

---

**1.** However, the *Almanza* standard for determining harm did not apply because the error involved application of an unconstitutional statute. *See Rose*, 752 S.W.2d at 553–54. Because constitutional error is not involved in this case,

the *Almanza* standard would apply. *See Belyeu v. State*, 791 S.W.2d 66, 75 (Tex.Crim.App.1989); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (op. on reh'g).

on reh'g). This curative instruction discourages jurors from imposing greater sentences.

The jury convicted appellant of aggravated robbery, a first degree felony. *See* TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1992). The jury found appellant had been previously convicted of a felony. The punishment range was fifteen to ninety-nine years or life and a possible fine not to exceed $10,000. *See* TEX.PENAL CODE ANN. § 12.42(c) (Vernon Supp.1992). The jury assessed a minimal sentence, sixteen years, and a minimal fine, $105.

The evidence showed that appellant and his co-defendant participated in the robbery. Appellant stood in front of complainant's car and acted as a lookout while his co-defendant brandished the gun and took complainant's property. Appellant and his co-defendant fled the scene together. The facts of the offense provide ample support for the punishment assessed. *See Rose*, 752 S.W.2d at 554.

We hold that appellant suffered no actual harm because the trial court did not instruct the jury on the parole law. It is more likely that appellant benefitted from the error. We overrule the second point of error.

We affirm the trial court's judgment.