NUMBER 13-99-217-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


RANDY TAFT
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 148th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Kennedy(1)

Opinion by Justice Kennedy



 Appellant was charged in a two-count indictment with aggravated
sexual assault. A jury found him guilty of both counts and assessed
punishment at confinement for seven years.

 Appellant's brief brings two points of error. The first is: "The
evidence is factually insufficient to sustain the conviction." The second
point alleges that: "The trial court committed egregious error in its
punishment charge by erroneously instructing the jury with regard to
parole consequences." The state did not file a brief herein. 

 We will summarize the State's evidence. The victim's testimony
was that she was a twenty-three year old woman who worked as a
cocktail waitress and roomed with two other young women. On the
night of the offense, the victim went with one of her roommates in her
roommate's car to the establishment where she worked and to another
nearby establishment where they joined some other friends to party. 
At the second establishment, she came in contact with appellant. The
victim and some of her friends alternated between the two
establishments until "probably about closing."

 The victim's roommate decided to leave with a male friend and
told the victim to take her car. The victim drove the car to a 7 Eleven
store, and then to the parking lot of her apartment complex. When she
stopped the car in the parking lot, the rapist, who was in the car when
it stopped, made the initial contact with the victim when he reached
around her neck and began to choke her. During the course of the next
approximately two hours, the rapist choked and beat the victim and
sexually assaulted her. Finally, he tied her up and threatened to kill her
if she told anyone what had happened.

 The victim, in the first police interview, stated that she did not get
a good look at her assailant. She stated, however, that she believed he
might be a man by the name of Randy Taft, but that she wasn't sure. 
Several days later she told the investigating officer that it was appellant
and at the trial she said she was positive it was him.

 Dr. Gene Muller, Ph.D., a psychologist, testified that a person in
a traumatic situation can temporarily forget things and then recall them
later. He opined that it would not be unusual that a person would not
be able to remember everything that happened to them immediately
after a sexual assault.

 In addition to the eye witness identification of appellant, the record
reveals the following. The victim testified to her assailant having told
her to say "F___ me harder, Randy" during the ordeal. Several days
later, the victim identified appellant as her assailant in a police lineup. 
Following the investigating officer's first contact with appellant, he, the
appellant, hurriedly left his place of employment and went to the scene
of his original contact with his alleged victim. After the investigating
officer interviewed the potential witnesses at the scene of the original
contact, the appellant, who had hurried to this place, would make
contact with each witness immediately following his or her interview.(2)

 To judge factual sufficiency of the evidence, we view all of the
evidence without the prism of "in the light most favorable to the
prosecution" and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
By this standard, we find appellant's first point of error to be without
merit. The totality of the evidence herein is not factually insufficient to
prove appellant's guilt beyond a reasonable doubt, and we overrule the
first point of error. 

 Point of error two states that the trial court erroneously charged
the jury in the punishment phase of the trial. The charge reads (in
pertinent part):

 Under the law applicable in this case, if the defendant is
sentenced to a term of imprisonment, he will not become
eligible for parole until the actual time served plus any good
conduct time earned equals one-fourth of the sentence
imposed or fifteen years, whichever is less.(3)


Appellant's argument under point two is:

 The trial court should have instructed the jury in accordance
with Tex. Code Crim. Proc. 37.07, § 4(a).


 This section reads, in pertinent part:


 Under the law applicable in this case, if the
defendant is sentenced to a term of
imprisonment, he will not become eligible for
parole until the actual time served equals one-fourth of the sentence imposed or fifteen years,
whichever is less, without consideration of any
good conduct time he may earn.


 The record shows that appellant did not object to the charge. In
such a situation, the error is reversible only if it causes actual harm. 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). The
potential resulting difference then is that a jury might tend to assess
more years' confinement knowing that a defendant could be released
in less time if his "good time" is figured in than if his "good time" is not
figured in. Appellant cites Grigsby v. State, 833 S.W.2d 573, 576 (Tex.
App. ­ Dallas 1992, pet. ref'd) and Myres v. State, 866 S.W.2d 673,
674-5 (Tex. App. ­ Houston [1st. Dist.] 1993, pet. ref'd) for the
proposition that the State benefits from the statutory parole instruction.

 We have considered Grigsby and Myres and neither they, nor any
other authority we can find, supports appellant's assertion that
appellant was harmed by the erroneous charge. As a matter of fact,
Grigsby holds:

 Because appellant objected to the court's not including the
parole instruction, we reverse if the error was calculated to
injure appellant's rights. Appellant must have suffered some
actual, not theoretical, harm . . . We determine the actual
degree of harm in light of the entire jury charge, the state of
the evidence, the argument of counsel, and any other
relevant information revealed by the record as a whole.(4) 


Grigsby, 833 S.W.2d at 576. In addition, we note that the court in the
case before us, instructed as follows:

 It cannot accurately be predicted how the parole law and
good conduct time might be applied to this defendant if he
is sentenced to a term of imprisonment, because the
application of these laws will depend on decisions made by
prison and parole authorities.


 You may consider the existence of the parole law and good
conduct time. However, you are not to consider the extent
to which the good conduct time may be awarded to or
forfeited by this particular defendant. You are not to
consider the manner in which the parole law may be applied
to this particular defendant.


With regard to a similar complaint, the Houston First District held: 


 We do not know what this jury thought on this subject;
thus, a finding of egregious harm or any harm, would be
utter speculation. Moreover, we presume the jury followed
the judge's instruction and did not consider parole. Myers,
866 S.W.2d at 674.


 The facts of this case reveal a brutal, vicious crime. We are not
convinced that the error in the court's charge resulted in the
punishment assessed. There was no harm in the erroneous instruction. 
We overrule appellant's second point of error and AFFIRM the judgment
of the trial court.

 NOAH KENNEDY

 Retired Justice



Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed 

this the 8th day of March, 2001.


 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§ 74.003 (Vernon 1998).
2. The investigating officer left appellant's employment and went to
the scene of appellant's initial contact with the victim. When he
arrived, he noticed appellant's car parked there with the officer's
business card on the front seat. The officer talked to the manager of the
establishment to request a private place to interview witnesses. The
manager made his own office available to the officer, and the office was
equipped with a closed circuit TV which allowed the officer to scan the
interior of the establishment. From this viewpoint, the officer saw
appellant approach each witness following his or her exit from the office
interview. 
3. The law in effect at that time.

4. Grigsby was a case where the trial court omitted any reference to
parole in its charge.