NO. 07-00-0069-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



 AT AMARILLO



PANEL B



SEPTEMBER 11, 2001


________________________________



COREY DUPREE HOGUES,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;



NO. F99-48707-RK; HON. LANNY RAMSEY, PRESIDING


_______________________________


 

Before BOYD, C.J., QUINN and JOHNSON, JJ.

 Corey Dupree Hogues appeals his conviction for unlawfully possessing a controlled
substance with the intent to deliver. Through one point, he contends that the trial court 
erred when it omitted from its charge on punishment aspects of the requisite instruction on
parole. We affirm.

 Standard of Review

 Both the State and appellant acknowledge that the trial court was obligated to
include in its charge on punishment an instruction informing the jury of the minimum time
which appellant would have to serve before becoming eligible for parole. See Tex. Code
Crim. Proc. Ann. art. 37.07, §4 (Vernon Supp. 2001) (requiring such an instruction, among
other things, in particular charges). So too do both parties concede that 1) though the trial
court mentioned parole in its charge, nothing was said of the minimum time appellant had
to serve to be eligible for same and 2) appellant did not object to the omission at trial. 
Under these circumstances, we must determine whether appellant suffered any egregious
harm due to the error. (1) Cormier v. State, 955 S.W.2d 161, 164 (Tex. App.-Austin 1997,
no pet.). We further note that the burden to prove the existence of such harm lies with
appellant. Id. 

 Application of Standard

 First, it is noted that appellant cites us to nothing of record indicating that the jury
considered, in any way, the likelihood appellant would receive parole. Nor did we find any
evidence indicating that it did. This may be so due to the instruction directed to the jury to
forego considering parole as it may relate to appellant. And, that the jurors were so
admonished tends to ameliorate any harm purportedly arising from the omission in
question. Arnold v. State, 786 S.W.2d 295, 310 (Tex. Crim. App. 1990); Grigsby v. State,
833 S.W.2d 573, 576 (Tex. App.-Dallas 1992, pet ref'd). 

 Second, it is generally recognized that an instruction on parole benefits the State,
not the appellant. Grigsby v. State, 833 S.W.2d at 576; see Anders v. State, 973 S.W.2d
682, 686-87 (Tex. App.-Tyler 1997) (noting that the failure to charge the jury on parole law
benefits the appellant). This is so because the statutory instruction was designed to
increase the sentences levied by jurors through informing them about how good time
combines with actual time served to potentially reduce the actual time served. Grigsby v.
State, 833 S.W.2d at 576. Thus, as recognized by other courts, it is difficult to see how
omitting an instruction designed to harm the defendant actually harms him. Id.

 Third, the applicable range of punishment at bar was five to ninety-nine years with
up to a $10,000 fine. Though appellant sought probation, the jury assessed a twenty year
prison term and a $10,000 fine. As can be seen, the term of imprisonment levied was
approximately one-fifth of the term which could have been assessed. Moreover, the
amount of crack cocaine appellant possessed was not de minimis. Indeed, the 49 grams
involved was calculated to equal 490 "individual uses." Thus, because appellant
possessed an amount of contraband evincing his status as a "pusher" and the prison term
levied was relatively short (when compared to the term which the jury could have
assessed), it cannot be said that the sentence lacked factual support. 

 Given that the omission conceptually benefitted appellant, that the court instructed
the jurors to forego consideration of parole as it may apply to appellant, that appellant cites
us to nothing suggesting that the jury ignored the instruction, and that the punishment fit
the crime, we are unable to conclude that appellant suffered egregious harm due to the
omission. So, his point of error is overruled, and the judgment is affirmed.


 Brian Quinn

 Justice


 


Do not publish.
1. Appellant's contention that the harm arising from error of this ilk cannot be assessed has been
rejected. Grigsby v. State, 833 S.W.2d 573, 576 (Tex. App.-Dallas 1992, pet ref'd). 



le="font-family: 'Arial', sans-serif">           It is so ordered.
                                                                                  Per Curiam
 
Do not publish.