NO. 07-00-0069-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 11, 2001
_____

COREY DUPREE HOGUES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY;

NO. F99-48707-RK; HON. LANNY RAMSEY, PRESIDING
_____

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Corey Dupree Hogues appeals his conviction for unlawfully possessing a controlled substance with the intent to deliver. Through one point, he contends that the trial court erred when it omitted from its charge on punishment aspects of the requisite instruction on parole. We affirm.

*Standard of Review*

Both the State and appellant acknowledge that the trial court was obligated to include in its charge on punishment an instruction informing the jury of the minimum time which appellant would have to serve before becoming eligible for parole. *See* TEX. CODE

CRIM. PROC. ANN. art. 37.07, §4 (Vernon Supp. 2001) (requiring such an instruction, among other things, in particular charges). So too do both parties concede that 1) though the trial court mentioned parole in its charge, nothing was said of the minimum time appellant had to serve to be eligible for same and 2) appellant did not object to the omission at trial. Under these circumstances, we must determine whether appellant suffered any egregious harm due to the error.[1] *Cormier v. State*, 955 S.W.2d 161, 164 (Tex. App.–Austin 1997, no pet.). We further note that the burden to prove the existence of such harm lies with appellant. *Id.*

*Application of Standard*

First, it is noted that appellant cites us to nothing of record indicating that the jury considered, in any way, the likelihood appellant would receive parole. Nor did we find any evidence indicating that it did. This may be so due to the instruction directed to the jury to forego considering parole as it may relate to appellant. And, that the jurors were so admonished tends to ameliorate any harm purportedly arising from the omission in question. *Arnold v. State*, 786 S.W.2d 295, 310 (Tex. Crim. App. 1990); *Grigsby v. State*, 833 S.W.2d 573, 576 (Tex. App.–Dallas 1992, pet ref'd).

Second, it is generally recognized that an instruction on parole benefits the State, not the appellant. *Grigsby v. State*, 833 S.W.2d at 576; *see Anders v. State*, 973 S.W.2d 682, 686-87 (Tex. App.–Tyler 1997) (noting that the failure to charge the jury on parole law benefits the appellant). This is so because the statutory instruction was designed to increase the sentences levied by jurors through informing them about how good time

---

[1]Appellant's contention that the harm arising from error of this ilk cannot be assessed has been rejected. *Grigsby v. State*, 833 S.W.2d 573, 576 (Tex. App.–Dallas 1992, pet ref'd).

combines with actual time served to potentially reduce the actual time served. *Grigsby v. State*, 833 S.W.2d at 576. Thus, as recognized by other courts, it is difficult to see how omitting an instruction designed to harm the defendant actually harms him. *Id.*

Third, the applicable range of punishment at bar was five to ninety-nine years with up to a $10,000 fine. Though appellant sought probation, the jury assessed a twenty year prison term and a $10,000 fine. As can be seen, the term of imprisonment levied was approximately one-fifth of the term which could have been assessed. Moreover, the amount of crack cocaine appellant possessed was not *de minimis*. Indeed, the 49 grams involved was calculated to equal 490 "individual uses." Thus, because appellant possessed an amount of contraband evincing his status as a "pusher" and the prison term levied was relatively short (when compared to the term which the jury could have assessed), it cannot be said that the sentence lacked factual support.

Given that the omission conceptually benefitted appellant, that the court instructed the jurors to forego consideration of parole as it may apply to appellant, that appellant cites us to nothing suggesting that the jury ignored the instruction, and that the punishment fit the crime, we are unable to conclude that appellant suffered egregious harm due to the omission. So, his point of error is overruled, and the judgment is affirmed.

Brian Quinn
Justice

Do not publish.