Opinion issued March 10, 2005
     













In The
Court of Appeals
For The
First District of Texas




NOS. 01-03-01172-CR
          01-03-01173-CR




PATRICK DWIGHT FIGURES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 886,354 & 886,355




MEMORANDUM OPINION
          Appellant, Patrick Dwight Figures, pleaded guilty to two charges of aggravated
robbery. After a trial to the jury on punishment, the jury assessed punishment at 20
years’ confinement in cause number 886,354 (appeal no. 01-03-01173-CR) and 15
years’ confinement in cause number 886,355 (appeal no. 01-03-01172-CR). In two
points of error, appellant contends (1) there was a fatal variance between the
indictment and the proof in cause number 886,354, and (2) the trial court committed
reversible error by failing to submit a “good conduct time” instruction to the jury. We
affirm.
IDEM SONAMS
          In his first point of error, appellant contends that there is a fatal variance
between the indictment and the proof in cause number 886,354. Specifically,
appellant contends that the indictment alleges that the complainant’s name was
“Nicole Vasques,” while the proof at trial showed her name to be “Nicole Vasquez.”
          A variance between the allegation and proof of a name will not impugn the
validity of a judgment of conviction provided the names sound alike or the attentive
ear finds difficulty distinguishing them when pronounced. Farris v. State, 819
S.W.2d 490, 496 (Tex. Crim. App. 1990), overruled on other grounds, Riley v. State,
889 S.W.2d 290, 301 (Tex. Crim. App. 1993) (op. on reh’g). If a question arises
whether two spellings are idem sonams, it is an issue of fact for the jury. Farris, 819
S.W.2d at 496. Unless the evidence shows the two are patently incapable of being
sounded alike, a failure to request submission of the issue for the jury consideration
will defeat any claim of a variance on appeal. Id. We find no evidence in the record
that “Vasques” and “Vasquez” are patently incapable of being sounded alike. 
Therefore, the doctrine of idem sonams applies. Because appellant did not request
the jury to be instructed concerning idem sonams, however, he waived any complaint
concerning the variant spelling of the complainant’s name when he did not ask that
the issue be presented for the jury’s consideration.
          Accordingly, we overrule point of error one.
“GOOD CONDUCT TIME” CHARGE
          In his second point of error, appellant contends the trial court erred by not
including in the punishment charge the good conduct time instruction required by
article 37.07, section 4(a) of the Code of Criminal Procedure. See Tex.Code Crim.
Proc. Ann. art. 37.07, § 4(a) (Vernon Supp. 2004-2005). In this case, the trial court
included the parole portion of the mandatory instruction and omitted the good
conduct time portion of the instruction. The instruction is required in cases in which
the jury assesses punishment and the charged offense is listed in section 3g(a)(1) of
article 42.12 or the verdict contains an affirmative finding of a deadly weapon. Id.
arts. 37.07, § 4(a); 42.12, § 3g(a). Aggravated robbery is listed in section 3g(a)(1)
and there were deadly weapon findings in both cases. Appellant did not object at trial
to this erroneous omission, but maintains he suffered egregious harm as a result. See
Almanza v. State, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1984). We disagree. 
          Section 4(a) of article 37.07 informs the jury of how good conduct time
combines with actual time served to determine parole eligibility. Grigsby v. State,
833 S.W.2d 573, 576 (Tex. App.—Dallas 1992, pet. ref’d). The Legislature’s intent
in crafting this instruction was to increase the sentences assessed by juries. Id. Thus,
this instruction is not designed to benefit defendants. Id. (“We fail to see how not
giving a charge meant to increase the length of a sentence harms an appellant.”). If
any party was harmed by the omission of the good conduct instruction, it was the
State. In fact, appellant’s sentences of 20 years and 15 years fall on the low end of
the range of punishment. See Tex. Pen. Code Ann. §§ 12.32, 29.03(b) (Vernon
2003). We conclude appellant has failed to show egregious harm. We overrule point
of error two. 
          We affirm the judgments of the trial court.
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.

Do not publish. Tex. R. App. 47.2(b).