ACCEPTED
12-14-00263-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/3/2015 9:24:31 AM
Pam Estes
CLERK

# No. 12-14-00263-CR

In the Court of Appeals

Twelfth District of Texas

Tyler, Texas

FILED

9/3/2015

Twelfth Court of Appeals
Pam Estes
Clerk

**JEFFREY ARLEN QUINN**
*Appellant*

V.

**THE STATE OF TEXAS**
*Appellee*

## No. C-20,818

In the 3rd Judicial District Court
of Henderson County, Texas

## STATE'S APPELLEE BRIEF

R. Scott McKee
District Attorney
Henderson County, Texas

Mark W. Hall
Assistant District Attorney
Henderson County, Texas
TBC No. 00789337

109 W. Corsicana, Ste. 103
Athens, Texas 75751
Tel: 903-675-6100
Fax: 903-675-6196

**ORAL ARGUMENT WAIVED**

# TABLE OF CONTENTS

**PAGE**

Table of Contents    ii

Statement Regarding Oral Argument    iii

Identification of Parties    iii

Index of Authorities    iv

Statement of the Case    1

Issue Presented    1

Statement of Facts    1

Summary of the Argument    1

Argument    2

Prayer    9

Certificate of Service    10

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State waives oral argument.


## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2 (a), a complete list of the names of all interested parties is provided below so that the members of this Honorable Court may at once determine whether they are qualified to serve or should recuse themselves from participating in the decision of the case.

Counsel for the State:

**R. Scott McKee** – District Attorney of Henderson County

**Mark W. Hall** – Assistant District Attorney on appeal

**Mark W. Hall** – Assistant District Attorney at trial

**Nancy Rumar** – Assistant District Attorney at trial

Appellant or Criminal Defendant:

**Jeffrey Arlen Quinn**

Counsel for Appellant:

**John L. Youngblood** – Counsel on Appeal

**Samuel Smith** – Counsel at trial

Trial Judge:

**Hon. Mark Calhoon**

# INDEX OF AUTHORITIES

**CASES**                                                        **PAGE**

*Abdnor v. State* 871 S.W. 2d 726, 731 (Tex.Crim.App. 1994)......................................2,3

*Almanza v. State*, 686 S.W. 2d 157, 174 (Tex.Crim.App. 1984)...................................3,4

*Blumenstetter v. State*, 135 S.W. 3d 234, 240 (Tex.App.-Texarkana 2004, no pet.)..............3

*Gigsby v. State*, 833 S.W.2d 573, 575 (Tex.App. – Dallas 1992)...................................2

*Hutch v. State*, 922 S.W. 2d 166, 172 (Tex.Crim.App. 1996)......................................3

*Jasso v. State*, 2006QL 3361463 (Tex.App. – Texarkana 2006 pet.Ref'd).......................8

*Olivas v. State*, 202 S.W. 3d 137 (Tex.Crim.App. 2006)...........................................3

*Ruiz v. State*, 753 S.W.2d 681 (Tex.Crim.App. 1988)..............................................8

*Solis v. State* 792 S.W. 2d 95,98 (Tex.Crim.App. 1990)...........................................4

*Taylor v. State*, 146 S.W.3d 801 (Tex.App. – Texarkana 2004, pet. Ref'd). ....................3

*Williams v. State*, 851 S.W. 2d 282, 287 (Tex.Crim.App. 1993)..................................4


**STATUTES AND RULES**                                         **PAGE**

Code Crim.Proc. Article 37.07(4)(a)...............................................................2

## TO THE HONORABLE JUDGES OF SAID COURT

## STATEMENT OF THE CASE

Appellee is satisfied with Appellant's statement of the case.

## ISSUE PRESENTED

The trial court committed reversible error when it submitted an incorrect charge on punishment to the jury in violation of Texas Code of Criminal Procedure, Article 37.07(4)(a) because the jury was not instructed that it could not accurately be predicted how the good conduct time and parole laws would be calculated and that they could not consider the effects of good conduct time and parole in Appellant's case.

## STATEMENT OF THE FACTS

Appellee is satisfied with Appellant's statement of the facts.

## SUMMARY OF THE ARGUMENT

Appellant's sole point of error complains of the absence of a significant portion the jury instructions relating to the issue of parole set forth in the Texas Code of Criminal Procedure Article 37.07(4)(a). Although the failure to include the omitted language was error, the Court must find that such error arose to the level of "egregious harm" (as opposed to some harm) due to the Appellant's failure to object to the omission at trial, and that this harm was actual as opposed to merely theoretical, in order to reverse the sentence of the jury and order a new trial on punishment.

The erroneous instruction did not deprive appellant of an essential right, vitally affect a defensive theory, or make the case for punishment "clearly and significantly more persuasive" which is required to establish egregious harm.

1

The Appellant is unable to show actual harm, and instead is relying completely upon a theoretical harm that he speculates he has suffered. He has shown no indication or evidence that suggests he was sentenced more harshly than he would have been, had the jury received a proper instruction.

The increased burden on Appellant to show that he suffered egregious harm as a result of the missing language in the charge, in light of the lack of actual harm shown, is fatal to his claim and request for a new trial on punishment.

Finally, this court does not have the benefit of the information that a motion and hearing for a new trial could have provided since none was filed, which could have ferreted out any juror misconduct regarding deliberations among the jury as to the effect of parole eligibility. Because of this, the Appellant can only theorize as to the jury's motivation and reasons for assessing the number of years to which they sentenced Appellant, which was below the maximum available.

## STATE'S RESPONSE TO THE ISSUE PRESENTED

> The trial court did not commit reversible error when it submitted an incorrect charge on punishment regarding parole as set forth in CCP Art. 37.07(4)(a), as the appellant did not show that harm, if any, sustained by him was so egregious that he was denied a fair and impartial trial.

## ARGUMENT

This appeal raises one issue which only deals with an error at the punishment stage of trial, and does not implicate the guilty verdict handed down by the jury.

Appellant correctly points out that a significant portion of the parole instructions outlined in Code Crim. Proc. Article 37.07(4)(a) were not set forth in the Charge of the Court.

Specifically, that the charge failed "to include language stating that the Defendant must serve a minimum of two years if he is sentenced to a term of four years or less". Second, that the instruction failed to instruct the jury that it "cannot accurately be predicted how the laws would be applied in this case." Lastly, that it failed to instruct the jury that they were "not to consider the manner in which the parole law may be applied to this particular defendant."

The State agrees that the failure to include these statutory instructions as to parole eligibility was error. *Gigsby v. State*, 833 S.W.2d 573, 575 (Tex.App. – Dallas 1992). However, that fact alone does not mandate a reversal of the punishment phase of trial. An erroneous or incomplete jury charge does not result in automatic reversal of the conviction or punishment, *Abdnor v. State* 871 S.W. 2d 726, 731 (Tex.Crim.App. 1994), and the level of scrutiny applied by the reviewing court depends upon whether an objection to the charge was made at trial.

Appellant admits that there was no objection made by Appellant's counsel at trial regarding the missing language in the charge.

## STANDARD OF REVIEW

When a jury charge error is not raised, objected to or preserved at trial, a much greater degree of harm is required for reversal. *Olivas v. State*, 202 S.W. 3d 137 (Tex.Crim.App. 2006). The burden on Appellant becomes one to show that he suffered "egregious harm" from the incorrect jury charge as opposed to "some harm". *Abdnor* at 732.

"Egregious harm consists of errors affecting the very basis of the case or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive." *Blumenstetter v. State*, 135 S.W. 3d 234, 240 (Tex.App.-Texarkana 2004, no pet.).

3

Furthermore, the degree of harm shown by Appellant must be actual, not merely theoretical. *Almanza v. State*, 686 S.W. 2d 157, 174 (Tex.Crim.App. 1984); *Taylor v. State*, 146 S.W.3d 801 (Tex.App. – Texarkana 2004, pet. Ref'd). The Court there stated, "We will examine 'any . . . part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused." *Almanza* at 174.

In effect, it is not enough to merely speculate what the jury was thinking in regard to parole eligibility, if they considered it at all. But if they did, there must be some specific, identifiable harm that Appellant can identify that was an actual result from improper consideration of the parole laws by the jury.

The court in *Hutch v. State*, 922 S.W. 2d 166, 172 (Tex.Crim.App. 1996), acknowledged that "egregious harm is a difficult standard to prove and such a determination must be done on a case-by case basis." Where the erroneous instruction relates only to some of the State's evidence, the stronger the other evidence of guilt, (or in this case, the State would argue, the stronger the punishment evidence), the less likely egregious harm is to have resulted. *Solis v. State* 792 S.W. 2d 95,98 (Tex.Crim.App. 1990).

## RELEVANCY OF THE PUNISHMENT ASSESSED

If, as here, the error involved assessment of punishment, the question seems to be whether the Appellant was wrongfully assessed a more severe penalty. See *Williams v. State*, 851 S.W. 2d 282, 287 (Tex.Crim.App. 1993). One of the factors that the courts have considered in determining "egregious harm" in similar cases is when the jury imposes the maximum sentence, which was not done here. The maximum available was 20 years, and they chose to impose a seventeen year sentence instead. Given that, it is no more than unsupported speculation by the Appellant to say that the reason the jury assessed a 17 year sentence was because they were

4

attempting to discern the effect of possible parole. Appellant does attempt to argue that a jury note sent regarding a statement made by the prosecutor is indication of the jury improperly considering parole, it is a tangential and speculative argument and best and not supported by any actual evidence.

In addition to considering the actual sentence imposed, the Court in *Almanza* made clear that, "In determining whether Appellant was deprived of a fair and impartial trial, we review 'the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any *other relevant information* (emphasis mine) revealed by the record of the trial as a whole." *Almanza* @ 171.

## OTHER RELEVANT INFORMATION

In this case, "other relevant information" and evidence presented during the punishment phase of the trial included the unobjected-to introduction of certified copies of Appellant's prior criminal convictions beginning as a juvenile and continuing into adulthood. Those convictions were as follows:

| Cause No. | Date of Conviction | Offense convicted |
|---|---|---|
| J-1004-D | 10/10/97 | Burglary of a Habitation |
| 02-0100CL | 5/9/03 | Assault Family Violence |
| 03-1807CL | 12/29/03 | Criminal Trespass |
| B-12,217 | | Possession of a Controlled Substance |
| C-16,452 | 7/16/08 | Assault Family Violence w/ prior |
| 2008-0464CL | 7/16/08 | Evading Arrest or Detention |
| 2008-0463CL | 7/16/08 | Deadly Conduct |
| 2008-0903CL | 2/11/08 | Assault causing bodily injury |
| C,16,959 | 9/21/09 | Manufacture/Delivery of a Cont. Sub. |
| C,19,939 | 3/18/13 | Tampering w/ Evidence |

RR 4 @ 39-40

5

In addition to the knowledge of Appellant's extensive criminal history, the jury was also able to rely upon the evidence introduced during the guilt-innocence stage of the trial to assess the proper punishment. That evidence showed, by testimony and lengthy in-car videos recording the chase and subsequent capture of the suspects, the harrowing and dangerous nature of the actions taken by Appellant to elude capture. This included testimony and visual evidence of the following:

- Appellant was travelling at speeds in excess of 100 mph. (RR 2 @ 113)

- Appellant's route while evading passed community softball and soccer fields. (RR 2 @ 112).

- Appellant's route while evading passed through residential neighborhoods. (RR 2 @ 114)

- Because much of the route of evasion was unmarked two-lane county roads, other vehicles were forced off the road to avoid collision. (RR @ 172)

- Driving at an excessive speed toward a T-Intersection occupied by law enforcement on the ground directly in his path of travel. (RR 3 @ 150)

- Putting Appellant and his female passenger in danger of being shot as they approached the intersection in which the officers had to scramble to get out of the way. (RR 3 @ 150)

- Causing the female passenger to believe that they had run over a child during the evasion. (RR 4 @ 10 referring)

- Running through stop signs intersecting a major highway without regard for crossing traffic. (RR @ 120)

6

- Failing to negotiate a turn and crashing out in a residential neighborhood. (RR @ 135)

- Having previously been convicted for evading and other assaultive behavior. (RR 4 @ 39-40)

Appellant complains that the charge failed to inform the jury that "any sentence four years or less would require serving at least two years". However, the jury was instructed in the charge that the Appellant would not be eligible for parole until the actual time served equaled one-half the sentence imposed, which makes the particular clause complained of, irrelevant in light of the sentence assessed. It would also negate an argument that the jury believed appellant would be free on parole in less than 8+ years. This fact benefits the defendant, in that they would know that he would not be out in a few years if given a high end sentence.

## ARGUMENT OF STATE'S COUNSEL

Appellant argues that the state made specific references to parole in closing that resulted in a jury note that said, "Please clarify Ms. Rumar's statement, 'Anything less than 10-15 years is a freebie.'" This question is not clear on its face that the jury was attempting to determine the application of the parole law in this case. The statement made by the prosecutor says nothing about parole and it is pure conjecture on the part of the Appellant to assert that they were attempting to gauge the application of parole to the sentence.

The note did not reveal improper conduct by, or confusion among, the jurors regarding the erroneous instruction on parole eligibility. It is just as plausible and perhaps more so, to construe their note as an attempt to analyze whether a lesser sentence would run concurrently with his prior, and therefore not add anything to his term of incarceration (since Rumar had mentioned that he still had ten to do on the prior). It would also be reasonable to assume that the

7

prosecutor was simply saying something to the effect of, "He's already received a sentence of x amount of years, why would you give him anything less than that this time?"

Further, it is not an unreasonable deduction from the prosecutor's comments that she was attempting to highlight the fact that, even while being on parole and facing an additional ten years of imprisonment, the appellant was still willing to violate the law; that a potential parole violation was not a deterrent. The fact is, we cannot determine what was in the jurors mind based on the note received.

None of the arguments of state prosecutors referred to by Appellant were arguably related to what effect the parole laws would have in this case. It is clear that Prosecutors were attempting to show that Appellant had been involved in criminal activity most of his life, beginning as a juvenile, and throughout his adulthood.

*Jasso v. State*, 2006QL 3361463 (Tex.App. – Texarkana 2006 pet. ref'd) Ref'd) was a case where the jury were obviously trying to discern the effects of parole. But even there, the Court did not find that "actual harm" had resulted. In that case, the appellant argued that he suffered egregious harm in part because the jury sent out notes to the trial court asking whether Jasso would become eligible for parole if given a life sentence. Id. at 2.

The Court said that "at best Jasso's argument concerns theoretical harm but Almanza clearly states the harm must be actual and must be evidenced in the record – a conjectural or theoretical impact is insufficient." Id. at 2.

None of the specific statements referred to by appellant in this case amount to a direct comment on parole, as it applied to this case. Those statements were as follows:

1. The defendant served "short three years and something later . . . he was paroled"

2. "You know, he had 15 years a few years ago, four years ago, that didn't stop him."

8

3. Another thing is I want you to think about is, he's on a 15 years sentence out on parole. Anything 15 years or less, on this offense, is a freebie."

Consideration must be given to the degree to which the parties during trial stressed the matter with regard to which the jury charge erred. Egregious harm is more likely to be found if that matter was stressed and the evidence on it was conflicting and close. *Ruiz v. State*, 753 S.W.2d 681 (Tex.Crim.App. 1988)

These comments made during closing argument by prosecutors, relied on by Appellant to show harm, can only be remotely construed as urging the jury to consider the possibility of parole, when viewed in context made.

## PRAYER

Wherefore, premises considered, the State prays, for the reasons set forth in this brief, that the judgment and sentence in this case be affirmed.

Respectfully Submitted,

Mark W. Hall
Assistant District Attorney
109 W. Corsicana, Ste. 103
Athens, Texas 75751
Telephone (903) 675-6100
Facsimile: (903) 675-6196
SBN 00789337

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing brief of the State has been emailed the Appellant's attorney of record, John Youngblood, on the 25th day of August, 2015.

Mark W. Hall
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I, Mark W. Hall, attorney for Appellee, the State of Texas, hereby certify that pursuant to Texas Rule of Appellate Procedure 9.4 (3), that Appellee's brief filed herein contains 2885 words.

Mark W. Hall
Assistant District Attorney