**Leonard HODGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00764–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1992.

John B. Holmes, Dist. Atty., Anthony Brown, Asst., Houston, for appellee.

Before SAM BASS, WILSON and COHEN, JJ.

OPINION

COHEN, Justice.

A jury found appellant guilty of possessing a prohibited weapon, and the trial court assessed punishment at 12–years imprisonment.

In two points of error, appellant asserts he was denied counsel at the preliminary initial appearance (PIA) hearing in violation of Texas law. We affirm.

A complaint was filed against appellant on March 21, 1990, and a PIA hearing was held the next day. Appellant appeared without counsel. The magistrate gave statutory warnings, found probable cause to detain appellant, set bond, and appointed counsel. Appellant was indicted on May 11, 1990.

Contentions like appellant's have been repeatedly rejected by Texas courts, which have held there was neither error nor harm. *See Oliver v. State,* 813 S.W.2d 762, 764–65 (Tex.App.—Houston [1st Dist.] 1991, pet. filed); *Switzer v. State,* 809 S.W.2d 781, 783 (Tex.App.—Houston [14th

---

Dist.] 1991, no writ); *Hernandez v. State,* 808 S.W.2d 536, 539 (Tex.App.—Waco 1991, no writ); *Whittington v. State,* 781 S.W.2d 338, 341 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd). We will follow these holdings.

Nothing happened at appellant's PIA hearing that affected appellant adversely. The rapid appointment of counsel gave appellant the entire period of his pre-indictment detention to request an examining trial. He had counsel throughout his pre-trial detention to help him attack the amount of the bond. Neither the right to an examining trial nor the right to reduced bond nor any other right was affected by anything that happened at the PIA hearing. Appellant's rights were quickly and fully protected, as they should be. There was neither error nor harm.

Points of error one and two are overruled.

The judgment is affirmed.