**Marvin Ray MYRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00641–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 4, 1993.

Discretionary Review Refused
March 16, 1994.

Kenneth W. Smith, Paul C. Looney, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Elsa Alcala, Houston, for appellee.

Before COHEN, MIRABAL and HEDGES, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of voluntary manslaughter, and assessed his punishment at 19 years in prison. We affirm.

 In his first three points of error, appellant complains that his pretrial bail was set by the assistant district attorney, and not by a judicial officer. Issues concerning pretrial bail are moot after the accused is convicted. *Henriksen v. State*, 500 S.W.2d 491, 494 (Tex.Crim.App.1973).

Points of error one through three are overruled.

■ In points of error four and five, appellant asserts counsel should have been appointed before the preliminary initial appearance (PIA) hearing and he was deprived of counsel at the PIA hearing. We have repeatedly held this is not error and caused no harm. *Hodge v. State,* 824 S.W.2d 304, 304–305 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

Points of error four and five are overruled.

■ In points of error six and seven, appellant complains that, because the jury charge on punishment did not include an article 37.07, § 4 parole instruction, the charge was fundamentally defective. *See* TEX.CODE CRIM.PROC.ANN. art. 37.07, § 4 (Vernon Supp.1993). Appellant did not object to this omission. Because article 37.07, § 4 requires the instruction, we hold that the trial court erred in not giving the instruction. We next determine if the error requires reversal.

The United States Constitution does not require a parole instruction in state courts. *O'Bryan v. Estelle,* 714 F.2d 365, 389 (5th Cir.1983). No Texas case has held that omitting the instruction automatically requires reversal. Because appellant did not object, we will not reverse unless he was egregiously harmed by the omission. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (Op. on Rehg.).

■ Texas courts generally consider the parole instruction as one favoring the State because the legislature intended it to increase the length of sentences set by juries.

*Grigsby v. State,* 833 S.W.2d 573, 576 (Tex. App.—Dallas 1992, pet. ref'd). The instruction could help a defendant, however. If a jury learned from the instruction that the defendant would serve longer than it expected, that might influence jurors to assess less time. We do not know what this jury thought on this subject; thus, a finding of egregious harm, or any harm, would be utter speculation. Moreover, we presume the jury followed the judge's instruction and did not consider parole.[1] Nothing in this record rebuts this presumption. Appellant's trial lawyer evidently thought that omitting the instruction helped appellant; we presume that is why he did not object.[2] We conclude that this error was as likely to have helped appellant as to have harmed him, or it may have had no effect at all. *See King v. Lynaugh,* 850 F.2d 1055, 1062 (5th Cir.1988) (en banc), *cert. denied,* 488 U.S. 1019, 109 S.Ct. 820, 102 L.Ed.2d 809 (1989) (Rubin, J., dissenting) (describing empirical studies in Georgia and Mississippi showing that jurors believe criminals become eligible for parole much sooner than they actually do). Appellant has failed to show egregious harm.[3]

■ Appellant also claims he was harmed in that the proper article 37.07, § 4 instruction would have told the jury that a deadly weapon finding would delay his parole eligibility, and the jury could have considered that when deciding whether to make the finding. This argument erroneously assumes that it would have been proper for the jury to do so. The charge told jurors not to

---

1. The jury was instructed:

   You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles division of the Texas Department of Criminal Justice and the Governor of the State of Texas, and must not be considered by you.

2. In fact, here defense counsel's closing argument in the punishment phase may have helped to reinforce the trial court's instruction:

   [U]nderstand that you are not to consider—and I'm telling you you are probably wrong unless you are really involved in the criminal justice system—just how much time a person actually does in [prison]. I'm telling you that what you

probably heard on the news or T.V. is not quite right. It's a misnomer. In some cases it may be correct, but in most cases they're wrong for the way that they say things happen.

3. Defense counsel urged the jury to assess 10 years probation, arguing, "What would 10 years of probation be? One thing it would do is have the State of Texas watching Mr. Myres longer than he would if you assess his punishment in the penitentiary." This argument implied that a 10–year sentence could result in appellant being incarcerated for less than 10 years. It encouraged the jury to speculate how much less than 10 years appellant would have to serve. Any harm to appellant was therefore invited. *Cf. Capistran v. State,* 759 S.W.2d 121, 124 (Tex.Crim.App. 1982); *Linder v. State,* 828 S.W.2d 290, 301 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

consider parole. Appellant had no right for the jurors to do so. Even the charge under article 37.07 tells the jury not to consider parole consequences to the person on trial. The affirmative finding on the deadly weapon special issue does not call for sentencing discretion by the jury; instead, the issue merely calls for a factual determination by the jury in its capacity as trier of fact. Thus, there was no error.

Points of error six and seven are overruled.

The judgment is affirmed.