NO. 07-00-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 20, 2001

______________________________

HAROLD EARL SPARKS JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL DISTRICT COURT NO. 3 OF DALLAS COUNTY;

NO. F-9843386-PJ; HONORABLE W. BEARD, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

In two issues, appellant Harold Earl Sparks Jr. challenges his conviction of murder and the jury-assessed punishment of 12 years confinement in the Institutional Division of the Department of Criminal Justice.  In those issues, appellant urges error on the part of the trial court in failing to grant his amended motion for new trial and in failing to instruct the jury on the law of parole in the charge on punishment.  For the reasons set forth below, we affirm the judgment of the trial court.

On January 8, 1998, appellant and Ricky Rose went to the Kuttaz Barber Shop where the victim, Donald Ray Hillary, was already present.  Soon after their arrival, Hillary and Rose began having words, which escalated into a physical confrontation.  Hillary threatened to kill Rose and went outside the shop.  Appellant then handed Rose a gun to protect himself.  Appellant claimed to have followed Hillary outside the shop and saw him put a gun in his jacket.  Appellant then re-entered the shop and took his gun back from Rose.  When Hillary re-entered the shop and walked towards appellant and Rose, appellant shot and killed Hillary.  Appellant claimed self-defense at trial in that he believed that Hillary was going to kill him.  Other witnesses denied appellant had followed Hillary out of the shop or that they saw a gun on Hillary prior to the shooting.

After a guilty verdict had been returned, a hearing was conducted in the court’s chambers in which Sylvester White testified that he was acquainted with appellant, Hillary, and Clarence Wiley, one of the State’s witnesses.  While the trial was in progress, White claimed he met with Wiley, who admitted to him that he had not told everything about the incident in his trial testimony because the district attorney made him mad.  Wiley supposedly said that what really happened was when Hillary came back in the shop, appellant jumped out of his chair, Hillary reached into his hip like he was getting a gun and, after appellant fired, Hillary’s gun fell out and Hillary fell down.  One of the other persons in the barber shop picked up the gun.  White claimed that Wiley said Hillary was going to shoot appellant and Rose.

Appellant argues that the trial court had the authority to grant a new trial in the interest of justice and, in doing so, cites to 
State v. Gonzalez
, 855 S.W.2d 692 (Tex.Crim.App. 1993).  In 
Gonzalez
, the defendant who had pled guilty requested a new trial in the interest of justice because a witness who was unavailable at the time of the sentencing could provide testimony that could have a substantial impact on the court upon a retrial.  The content of the witness’s testimony was not presented, and the State did not cross-examine the witness or controvert his testimony that he had been unavailable earlier.  Therefore, the court granted a new trial.  
Id.
 at 693. 

The court is not limited in its decision to grant or deny a new trial to those statutory grounds for new trials in criminal cases.  
Id. 
at 694.  Furthermore, both the granting and denial of a motion for new trial are within the discretion of the trial court, and those decisions will not be reversed unless the trial court abused its discretion.  
Id.
 at 696; 
Appleman v. State
, 531 S.W.2d 806, 810 (Tex.Crim.App. 1975).  Therefore, while we agree that the trial court had the authority to grant a new trial, we are limited in our review to a determination of whether the court’s decision not to grant one is so clearly wrong as to fall outside the zone of reasonable disagreement.  
See Cantu v. State
, 842 S.W.2d 667, 682 (Tex.Crim.App. 1992), 
cert. denied,
 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993).

In contrast to 
Gonzalez
, the State cross-examined Sylvester White, who stated that Clarence Wiley did not specifically say he lied, but that he did not tell everything that happened.  White further admitted that he was not present at the time of the shooting, had not talked to other witnesses in the barber shop, and believed that the shooting was in self-defense because he knew Hillary was the sort of person who would shoot someone.

 We note that other witnesses including Dextal Lockhart, Roderick Brown, and Shawn Richardson all testified at trial that they did not see a gun on Hillary prior to the time he was shot, which was similar to the testimony of Wiley.  Even according to the testimony Wiley should have allegedly given, he only saw Hillary reach for his hip as if he might be reaching for a gun.  Richardson stated that after Hillary was shot, he pulled a gun out of Hillary’s waistband, and Roderick Brown testified that he believed Richardson had taken the gun after the shooting.  Therefore, there was trial evidence that although no one saw Hillary pull a gun prior to the shooting, there was evidence that he had been carrying a gun.

  The mere presence of a gun on Hillary, however, would not generally have justified the shooting by appellant.  A person is justified in using force against another when and to the degree that he reasonably believes the force is immediately necessary to protect himself against the other’s use or attempted use of unlawful force.  Tex. Pen. Code Ann. § 9.31(a) (Vernon Supp. 2001).  Even if Wiley’s trial testimony had been identical to what he allegedly told White, it does not conflict with the other evidence at trial, and it was still up to the jury to determine whether the actions of Hillary justified appellant’s action in shooting and killing him.  We do not believe the trial court’s denial of a new trial falls outside the zone of reasonable disagreement.  Appellant’s first issue is overruled.

In his second issue, appellant claims error on the part of the trial court in failing to include a mandatory instruction on the law of parole and, as a result thereof, appellant suffered egregious harm.  Article 37.07 § 4(a) of the Code of Criminal Procedure provides that during the penalty phase of a felony trial in which the punishment is to be assessed by the jury, if the offense is listed in section 3g(a)(1) of article 42.12 of the Code of Criminal Procedure or the judgment contains an affirmative finding of the use of a deadly weapon, the court is to include a specific instruction in the charge.  Tex. Code Crim. Proc. Ann. art. 37.07 § 4(a) (Vernon Supp. 2001).  The instruction informs the jury that the defendant will not be eligible for parole until the actual time served equals one-half the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time.  The jury is also told that it may consider the parole law, but not the manner in which the law may be applied to this particular defendant.  
Id.

Appellant was convicted of one of the named offenses, 
i.e.
, the offense of murder by use of a deadly weapon.  The jury did not receive the mandatory instruction, but was instructed not to discuss how long the defendant would be required to serve any sentence imposed.  Appellant failed to object to the jury charge or request the inclusion of the mandatory instruction.  However, appellant argues that “the jury may well have assessed a lengthier sentence than they otherwise would have under the false premise that appellant could seek release on parole when he had served a portion of his sentence with both calendar time and good time credits allowed.”

Any error in failing to include the mandatory instruction is waived by the failure to object unless the harm is egregious.  
Williams v. State
, 975 S.W.2d 375, 378 (Tex.App.-- Waco 1998, pet. ref’d); 
Cormier v. State
, 955 S.W.2d 161, 164 (Tex.App.--Austin 1997, no pet.); 
Myres v. State
, 866 S.W.2d 673, 674 (Tex.App.--Houston [1
st
 Dist.] 1993, pet. ref’d).  The possible range of punishment for the charged offense was life or a term of not more than 99 years or less than 5 years, and the jury assessed a punishment of 12 years confinement.  Because we do not know how the jury arrived at its verdict, any harm that may have occurred is pure speculation.  Even so, because of the fact that the punishment was at the lower end of the punishment range and there is no specific evidence of harm, it is as likely that the lack of the instruction helped appellant as that it harmed him.  Thus,  there has been no showing of egregious harm and we overrule appellant’s second issue.

Finding no reversible error, we affirm the judgment of the trial court. 

John T. Boyd

 Chief Justice

Do not publish.