Opinion issued February 12, 2004










     

In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00716-CR




CARLOS DAVID DELANGEL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 856383




O P I N I O N

          Appellant Carlos David Delangel pleaded guilty to burglary with intent to
commit theft. In November 2000, the trial court placed Delangel on deferred
adjudication community supervision for seven years. In 2002, the State moved to
adjudicate Delangel’s guilt, alleging that Delangel violated various terms and
conditions of his community supervision. After a hearing, the trial court found
Delangel guilty and sentenced him to five years’ confinement. On appeal, Delangel
contends that (1) the trial court erred in revoking its deferred adjudication order, (2)
he did not receive effective assistance of counsel in the trial court, and (3) the trial
court abused its discretion by setting excessive bail. The State moved to dismiss the
appeal for want of jurisdiction. We grant the State’s motion and dismiss the appeal. Adjudication of Guilt
          In his first issue, Delangel contends that the trial court erred in revoking its
deferred adjudication order. Essentially, Delangel challenges the sufficiency of the
evidence to support the court’s finding that he violated the terms and conditions of
his community supervision. 
          The Texas Code of Criminal Procedure provides that a defendant may not
appeal a trial court’s determination to proceed with an adjudication of guilt after the
court concludes that the defendant failed to comply with the conditions of community
supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2004).


 
Such a challenge is not appealable because it is “limited to the determination by the
court of whether it proceeds with an adjudication of guilt on the original charge.” See
id.; see also Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Olowosuko v.
State, 826 S.W.2d 940, 942 (Tex. Crim. App. 1992) (holding that defendant may not
challenge trial court’s determination to adjudicate guilt). We are therefore without
jurisdiction to consider the merit of issue one. 
Ineffective Assistance of Counsel
          In his second issue, Delangel contends that he did not receive effective
assistance of counsel because his trial attorney at his original plea hearing “failed to
adequately confer [with] him, failed to investigate the facts and applicable law, and
failed to accurately advise him of the consequences of accepting a plea bargain of
deferred adjudication.”
          A defendant, however, must raise any error relating to an original plea bargain
in an appeal from the original proceeding or it is waived. Manuel v. State, 994
S.W.2d 658, 661-62 (Tex. Crim. App. 1999). Delangel did not appeal the deferred
adjudication and its conditions at the time the trial court imposed them, nor did he
appeal the effectiveness of his counsel in connection with the plea proceeding. 
Because Delangel’s ineffective assistance of counsel claim relates to the original plea
proceeding, we have no jurisdiction to consider it. See id.Excessive Bail
          In his third issue, Delangel contends that the trial court abused its discretion
in setting excessive bail before and after the revocation of his deferred adjudication
and on appeal. 
          Issues concerning pre-trial bail are moot after the trial court convicts the
defendant. Myres v. State, 866 S.W.2d 673, 673 (Tex. App.—Houston [1st Dist.]
1993, pet. ref’d) (citing Henriksen v. State, 500 S.W.2d 491, 494 (Tex. Crim. App.
1973)). As Delangel’s pretrial claim is moot, we have no jurisdiction to hear it.
          With regard to Delangel’s complaint about excessive bail while the case is on
appeal, article 44.04 provides for a preferential appeal. Tex. Code Crim. Proc. Ann.
art. 44.04(g) (Vernon Supp. 2004). Because the trial court necessarily sets such bail
after final judgment, however, this appeal is separate from any appeal of the
conviction and punishment and must be perfected by a separate notice of appeal. See
Ex parte Enriquez, 2 S.W.3d 362, 363 (Tex. App.—Waco 1999, no pet.) (holding that
appellate court lacks jurisdiction to hear challenge to trial court’s setting of excessive
bail unless jurisdiction invoked with separate notice of appeal); White v. State, 629
S.W.2d 262 (Tex. App.—Tyler 1982, no pet.) (holding that appellate court lacks
jurisdiction to hear challenge to trial court’s denial of motion for reduction in bail
pending appeal because no notice of appeal and no showing of good cause for
absence of notice). Delangel did not file a notice of appeal from the order denying
bail, and thus we have no jurisdiction to hear his complaint under article 44.04(g). 
Enriquez, 2 S.W.3d at 363; White, 629 S.W.2d at 263.


 Conclusion
          We conclude that we have no jurisdiction to review Delangel’s complaints and
grant the State’s motion to dismiss. We therefore dismiss the appeal for want of
jurisdiction.



                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Bland.
Publish. Tex. R. App. P. 47.2(b).