Affirmed and Memorandum Opinion filed May 26, 2005









Affirmed and Memorandum Opinion filed May 26, 2005.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01263-CR

_______________

 

MELVIN DANIEL NEAL, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_________________________________________________________________

 

On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 942,160

_________________________________________________________________

 

M E M O R A N D
U M   O P I N I O N

A jury convicted appellant, Melvin Daniel Neal, of aggravated
assault and assessed punishment at twelve years= imprisonment.  In his sole issue, appellant contends that
the trial court erred by not including in the punishment charge the Agood conduct time@ instruction required by Texas Code
of Criminal Procedure article 37.07, section 4(a).  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.








AGood Conduct
Time@ Instruction

In his
sole issue, appellant contends that the trial court committed reversible error
by failing to include in the punishment charge the complete Agood conduct time@ and parole instruction required by
Texas Code of Criminal Procedure article 37.07, section 4(a).  When, as here, the judgment contains an
affirmative finding of a deadly weapon, the trial court must charge the jury
with the statutory Agood conduct time@ and parole instruction provided in
article 37.07, section 4(a).  See Tex. Code Crim. Proc. Ann. art. 37.07, ' 4(a) (Vernon Supp. 2004B05). 


The
complete instruction provided in article 37.07, section 4(a) is as follows:

Under the law applicable in this case, the
defendant, if sentenced to a term of imprisonment, may earn time off the period
of incarceration imposed through the award of good conduct time.  Prison authorities may award good conduct
time to a prisoner who exhibits good behavior, diligence in carrying out prison
work assignments, and attempts at rehabilitation.  If a prisoner engages in misconduct, prison
authorities may also take away all or part of any good conduct time earned by
the prisoner.

 

It is also possible that the length of time for
which the defendant will be imprisoned might be reduced by the award of parole.

 

Under the law applicable in this case, if the
defendant is sentenced to a term of imprisonment, he will not become eligible
for parole until the actual time served equals one-half of the sentence imposed
or 30 years, whichever is less, without consideration of any good
conduct time he may earn.  If the
defendant is sentenced to a term of less than four years, he must serve at
least two years before he is eligible for parole.  Eligibility for parole does not guarantee that
parole will be granted.

 

It cannot accurately be predicted how the parole law and
good conduct time might be applied to this defendant if he is sentenced to
a term of imprisonment, because the application of these laws will depend on
decisions made by prison and parole authorities.

 








You may consider the existence of the parole law and
good conduct time.  However, you
are not to consider the extent to which good conduct time may be awarded to or
forfeited by this particular defendant.  You are not to consider the manner in
which the parole law may be applied to this particular defendant.

 

Id.
(emphasis added).

 

In this
case, the trial court omitted the italicized language, which pertains to Agood conduct time,@ from the instruction.  Because the complete article 37.07, section
4(a) instruction is statutorily required, the trial court erred by deviating
from the statutory language.  See
Luquis v. State, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).[1]


Although
the trial court erred by omitting the Agood conduct time@ portion of the instruction,
appellant did not object to this omission in the trial court.  Therefore, we may only reverse if appellant
was so egregiously harmed that he did not receive a fair and impartial trial. Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh=g). 
Any harm suffered must be actual and not merely theoretical.  Cormier v. State, 955 S.W.2d 161, 164
(Tex. App.CAustin 1997, no pet.).  We determine the actual degree of harm in
light of  the entire jury charge, the
state of the evidence including contested issues and the weight of the
probative evidence, the arguments of counsel, and any other relevant
information revealed by the record of the trial as a whole.  Almanza, 686 S.W.2d at 171.








To
support his argument that he was egregiously harmed, appellant notes that the
jury was not presented with the required portion of the instruction which
provides that A[i]f a prisoner engages in misconduct,
prison authorities may also take away all or part of any good conduct time
earned by the prisoner.@  Appellant maintains
that jurors are prone to increase sentences based on their misconceptions of
good conduct time, and therefore, the jurors were 

more likely to increase
appellant=s sentence because they were not
informed that appellant=s Agood conduct time@ could be taken away.[2]


The harm
that appellant asserts in this issue is purely speculative.  There is nothing in the record to demonstrate
that the jury in this case considered or applied the concept of Agood conduct time@ when assessing appellant=s sentence.  Consequently, a finding of egregious harm, or
any harm, would require utter speculation as to whether the omission of the Agood conduct time@ language had any effect on the
sentence imposed by the jury.  See
Bolden v. State, 73 S.W.3d 428, 434 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d) (jury charge omitted Agood conduct time@ portion of the parole instruction,
but error was not reversible because the appellant did not identify any Aactual@ harm, but instead relied upon mere
speculation regarding what the jury might have considered); Myres v. State,
866 S.W.2d 673, 674 (Tex. App.CHouston [1st Dist.] 1993, pet. ref=d) (jury charge did not include
parole instruction, but a finding of egregious harm, or any harm, would be
utter speculation because nothing in the record demonstrated what the
particular jury in that case thought about the subject).








Moreover,
the jury instruction stated that the application of parole law could not
accurately be predicted in appellant=s case.  It also stated that the jury could not
consider the manner in which parole law might specifically be applied to
appellant.  See Tex. Code Crim. Proc. Ann. art. 37.07, ' 4(a).  Absent evidence to the contrary, we must
presume the jury followed and understood these instructions.  See Stokes v. State, 74 S.W.3d 48, 51
(Tex. App.CTexarkana 2002, pet. ref=d) (citing Hutch v. State, 922
S.W.2d 166, 172 (Tex. Crim. App. 1996)). 
Applying this presumption, we conclude that appellant was not harmed
because the jury could not consider how the application of good conduct time,
under the parole laws, would affect appellant=s individual sentence.  

We
conclude appellant has failed to demonstrate that he was egregiously harmed by
the trial court=s omission of the Agood conduct time@ portion of the parole
instruction.  Accordingly, we overrule
appellant=s sole issue and affirm the trial
court=s judgment.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed May 26, 2005.

Panel consists of Justices Edelman,
Seymore, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The trial court
likely omitted the Agood conduct time@ portion
of the instruction because it only marginally applies to appellant=s case.  When,
as here, the judgment contains an affirmative finding of a deadly weapon, a
defendant is not eligible for release on mandatory supervision, regardless of
how much Agood conduct time@ he
might accrue, nor does his Agood conduct time@ make
him eligible for parole any sooner than he would be without Agood conduct time@
credits.  See Luquis, 72 S.W.3d at
362.  Therefore, the only manner in which
Agood conduct time@ may
affect appellant=s time of incarceration is for the parole board to
consider appellant=s accumulation of Agood
conduct time@ as a factor for release, once appellant becomes
eligible for parole.  See id. at
360 n.4.  





[2]  In support of
his argument, appellant relies on the following language from the legislative
history of Article 37.07, section 4(a): AThere
has been an outcry from public citizens serving as jurors that the sentences
that have been handed down have differentiated greatly from the sentences
actually served.  Jurors have indicated
in some instances that they were recommending even longer sentences in order to
compensate for the time which would be knocked off the sentence by the
combination of good time credit and eligibility for parole . . . .  Public citizens serving as jurors from across
the State have indicated that they need to be informed that the defendant may,
but will not necessarily, be incarcerated for the full length of the sentence
imposed; and guidelines that are used to reduce the sentences through parole
and good time credit.@  House Comm. On Jurisprudence, Bill Analysis,
Tex. S.B. 37, 69th Leg. (1985).