**Opinion issued April 20, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00467-CR

———————————

## EX PARTE TUCKER CHURCH SHAW

---

## On Appeal from the 122nd District Court
## Galveston County, Texas
## Trial Court Case No. 22-CR-0589

---

## MEMORANDUM OPINION

Appellant, Tucker Church Shaw, appeals the habeas court's June 21, 2022 order on his pretrial application for writ of habeas corpus seeking release on personal bond pursuant to Article 17.151 of the Texas Code of Criminal Procedure. Appellant's habeas application asserted that (1) the State was not ready for trial within ninety days of his detention and (2) he was entitled to be released on a

personal bond because he could not afford to post bond in any amount. The habeas court's order denied appellant's request for release on personal recognizance but reduced appellant's bail from $250,000 to $25,000.

On August 6, 2022, our Court ordered appellant to file a brief in this appeal within 20 days. *See* TEX. R. APP. P. 31.1. Our order required appellant's brief to address, among other things, the Governor's order suspending Article 17.151 "to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial." The Governor of the State of Tex., Exec. Order No. GA-13, March 29, 2020, 45 Tex. Reg. 2368, 2369 (2020). Appellant failed to file a brief.

The underlying case was subsequently resolved by plea bargain agreement and appellant was sentenced to two years' imprisonment for the offense of aggravated assault with a deadly weapon. Issues concerning pretrial release are moot after a defendant is convicted. *See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (holding that appeal challenging denial of pretrial application for writ of habeas corpus becomes moot when appellant is convicted of underlying offense and no longer subject to pretrial confinement); *see also Henriksen v. State*, 500 S.W.2d 491, 494 (Tex. Crim. App. 1973); *Myres v. State*, 866 S.W.2d 673 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).

Accordingly, we dismiss the appeal as moot. *See* TEX. R. APP. P. 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).