Mark UNDERWOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–95–00118–CR.

Court of Appeals of Texas, Texarkana.

Submitted July 11, 1996.

Decided July 11, 1996.

Lawrence B. Mitchell, Dallas, for appellant.

Sue Korioth, Lisa L. Braxton, Assistant District Attorneys, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

STARR, Justice.

■ Appellant, Mark Underwood, was convicted of aggravated sexual assault. Trial was to a jury on a not guilty plea. The jury set punishment at seventy years' confinement. In the only point presented for appellate review, appellant contends that the jury charge on punishment was fundamentally defective because of instructions concerning the law of parole.

Although no objection was made to the charge as given, appellant contends that "egregious harm" occurred and that he was denied a fair and impartial trial under the parole charge actually given, which was as follows:

> You are further instructed that in determining the punishment in this case, you are not to discuss among yourselves how long the defendant will be required to serve any sentence you decide to impose.

Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours.

It is appellant's position that such harm would not have occurred if the trial court had given the required statutory instruction on parole under TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp.1996):

> "Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

> "It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

> "Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

> "It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

> "You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in

which the parole law may be applied to this particular defendant."

 In their briefs the parties agree that the proper standard of review is governed by *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). When a defendant does not object to an error in the jury charge, he is entitled to reversal of the jury's verdict only if the reviewing court determines that the error caused him such egregious harm that he was deprived of a fair and impartial trial. *Almanza,* 686 S.W.2d at 171; *Roberts v. State,* 849 S.W.2d 407, 409 (Tex. App.—Fort Worth 1993, pet. ref'd). This determination is made by considering the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information in the record as a whole. *Almanza,* 686 S.W.2d at 171; *Roberts,* 849 S.W.2d at 409–10.

Appellant recognizes that it is generally considered that the parole instruction is designed to increase jury sentences and thus favors the State and not the accused. *Grigsby v. State,* 833 S.W.2d 573, 576 (Tex.App.— Dallas 1992, pet. ref'd). In this case, however, appellant urges that the jury may have decided to impose a sentence less than they did because of the flat time requirement and the one-half rule in light of the youth of the appellant and his impaired mental faculties.

 In applying the *Almanza* standard of review, we find that there was ample evidence to support the jury's assessment of a seventy-year sentence. The permissible range of imprisonment was five years to life. The jury heard evidence that Underwood sexually assaulted a four-year-old boy, forcing his penis into the boy's anus and mouth. During the punishment phase, there was testimony that Underwood had a history of misdemeanor assaults, and at the time of the instant offense was on deferred adjudication probation for sexually assaulting a fourteen-year-old girl and threatening to kill her if she told anyone.

The State's arguments to the jury during the punishment phase focused on the nature of the offense and on Underwood's criminal history. Neither party mentioned parole or good conduct time at any point in the trial.

Based on these facts, we do not believe the error in the jury charge caused Underwood such egregious harm that he was deprived of a fair and impartial trial on punishment.

Further, we are of the view that the instruction actually given to the jury about the parole law is generally regarded as a curative factor against a finding of harm when determining whether the omission of the statutory parole instruction harmed a defendant. *Roberts,* 849 S.W.2d at 410; *Grigsby,* 833 S.W.2d at 576. It is presumed that the jury followed the instruction given by the trial judge to the jury, giving no consideration to parole. Nothing in the record indicates otherwise.

The judgment is affirmed.