COURT OF APPEALS









 

COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 

 




 
 
  
 EDWIN WALLACE KILLIAN,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-01-00033-CR
  
 Appeal from the
  
 204th
 District Court
  
 of Dallas
 County, Texas
  
 (TC#
 F98-02490-IQ)
 
 




 

 

O P I N I O N

 

This is an appeal from a conviction
for the offense of intoxication assault. 
The jury assessed punishment at ten (10) years= community supervision and a fine of
$10,000.[1]  We affirm the judgment of the trial court. 

I.  SUMMARY OF THE EVIDENCE 








At trial, Allen Mills, a friend of
Appellant, testified that on March 17, 1998, he went out with Appellant.  The evening started at the restaurant in
Denton, Texas where Mills was employed as a manager.  Appellant arrived at about 6:30 p.m. and he
and Mills each had two drinks at the restaurant.  Between 7 and 7:30 p.m., they left the
restaurant to travel to Dallas.  On the
way, they stopped in Lewisville, Texas and bought a six-pack of beer.  Appellant was driving and his daughter was
also in the vehicle.  Appellant drank one
beer on the way to Dallas.  Mills and
Appellant dropped his daughter off at a hotel in Dallas.  

At about 9:30 p.m., they left the
hotel and went to an Irish pub called the Tipperary
Inn.  They arrived at 10 p.m. and had to
wait in line to get into the pub.  While
waiting in line, they went across the street to a restaurant/bar where they
each had another drink.  They went back
to the line and entered the pub at approximately 11 p.m.  It was between a half hour and forty-five
minutes until they had another drink. 
They each subsequently had one more drink at about midnight.  They left the pub around 1 a.m.  

As they were going back to Denton,
Appellant was driving and Mills was in the front passenger seat.  Mills went to sleep.  He was next aware that an accident had
occurred and he saw Appellant standing with some police officers.  Mills testified that neither he nor Appellant
had smoked any marijuana and he did not believe Appellant was intoxicated.  He partially based this opinion on the
training he had received from Texas Alcoholic Beverage Commission courses he
had taken while he had worked as a bartender. 
He had also viewed the videotape the police had taken of Appellant and
he had the opinion that Appellant was not intoxicated at the time the tape was
taken.              








Patrick Hennessy testified that he
was a member of a band from Cincinnati, Ohio that had come to Dallas to play at
a club on March 17, 1998.  Brian
Driscoll, Steve Hennessy, and Denny Brown were all band members.  Craig Falbe was the
road manager.  A woman named Stacy Mann
was traveling with the band.  Upon
arriving in Dallas on March 17, 1998, they played at a bar called the Curtain
Club.  

At approximately 1 p.m., they were
paid off and they left in a van with Patrick Hennessy driving.  They were following a person named Dustin who
they had met at the club.  He had offered
to let them stay the night at his house. 
As they were driving through the intersection of Live Oak and Lattimer Streets, Craig Falbe
said ALook out there=s a van coming.@ 
The other van hit them on the front passenger side of their van.  Hennessy testified that he had the green
light when they entered the intersection. 


After a while, Appellant came up to
Hennessy and stated, AWhat did you do?@ 
Hennessy responded, AI didn=t do anything.@ 
Appellant again stated, AWhat did you do?@ 
Appellant stated AYou hit my van.@ 
Hennessy stated, ANo I didn=t. 
You hit me and you hurt my friends and destroyed our vans.@ 
Appellant responded, AI=m sorry.@  He then walked
away.  Hennessy testified that Appellant
smelled of alcohol and he did not appear coherent.  He believed Appellant was intoxicated.  Hennessy further testified that he was going
45 miles per hour when he entered the intersection.  He knew the light was green and that a
witness to the accident told him that he had the green light.  

Brian Driscoll testified that he was
a member of the band.  As a result of the
collision, he was thrown out of a window in the vehicle.  He had a cut to his head and a black
eye.  He spent three days in the
hospital.  As a result of the accident,
he testified that he has frequent headaches and short term memory and balance
problems.  








Lindsay Goin
stated that she was in her car at 1 a.m. on March 18, 1998.  She was stopped at a traffic light at Latimer
and Live Oak streets waiting to make a turn. 
The light was green.  A van ran
into her vehicle and pushed her over three lanes.  

Dr. Janice Townsend-Parchman testified that she performed an autopsy on Craig Falbe and determined the cause of death to be mechanical
trunk compression.  

Detective D.T. Marchetti
of the Dallas Police Department testified that he conducted an investigation of
the accident.  He determined from
speaking to Goin and Hennessy, that they both had the
green light at the time of the collision. 
When speaking to Appellant, Appellant stated that he did not know what
happened.  

Officer David Kattner
of the Dallas Police Department testified that he responded to the scene of the
accident.  He gave Appellant the HGN test
and other sobriety tests.  Appellant
stated to him that he was going too fast to stop for the intersections and that
as he came upon to the intersection, the light turned red.  As a result of the field sobriety tests, Kattner formed the opinion that Appellant had lost the
normal use of his mental and physical faculties from alcohol.  Appellant was arrested.  At the police station, Kattner
gave Appellant the statutory DWI warnings and read him his Miranda rights.  Appellant refused to give the offered blood
test.  As there was a fatality, Appellant
was taken to a nurse and blood was taken. 


Dallas Police Officer R.J. Brainard testified that he was working at the intoxilyzer  room at
the jail.  He made a video of Appellant. Brainard and gave the opinion that Appellant did not have
the normal use of his mental and physical faculties.  

 








Chris Heartsill
stated that he was a toxicology chemist at Southwestern Institute of Forensic
Sciences.  He testified that his analysis
of Appellant=s blood sample showed 0.l4 grams of
ethyl alcohol per 100 milliliters of blood. 
There was also 0.002 milligrams per liter of THC, the primary active
ingredient of marijuana.  He stated that
this was a low amount.  

Heartsill testified that it would not be
possible for blood to have a blood concentration of 0.14 grams of ethyl alcohol
per 100 milliliters of blood with someone who had consumed only six drinks
between 6 p.m. and midnight.  He also
stated that a person of Appellant=s size with a blood alcohol
concentration of 0.14 two hours after the accident would have a blood alcohol
concentration somewhere between 0.14 and 0.18 at the time of the accident.

II.  DISCUSSION








In Issue No. One Appellant asserts
that the court erred in denying his requested instruction on the
lesser-included offense of driving while intoxicated.  To determine whether Appellant was entitled
to a charge on the lesser included offense, we apply a traditional two‑prong
test.  See Bignall
v. State, 887 S.W.2d 21, 23 (Tex. Crim.
App.1994); Rousseau v. State, 855 S.W.2d 666, 672‑73 (Tex. Crim. App.), cert. denied, 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993); Royster
v. State, 622 S.W.2d 442, 446 (Tex. Crim. App.
1981); Bartholomew v. State, 882 S.W.2d 53, 54‑55 (Tex. App.‑‑Houston
[14th Dist.] 1994, pet. ref'd); Ramirez v. State,
976 S.W.2d 219, 226‑27 (Tex. App.‑‑El Paso 1998, pet. ref'd).  First, the
lesser included offense must be included within the proof necessary to
establish the offense charged.  Bignall, 887 S.W.2d at 23; Ramirez, 976
S.W.2d at 227.  Second, some evidence
must exist in the record that would permit a jury rationally to find that if
the defendant is guilty, he is guilty only of the lesser offense.  Ramirez, 976 S.W.2d at 227.  The credibility of the evidence and whether
it conflicts with other evidence or is controverted
may not be considered in making the determination of whether the lesser‑included
offense should be given.  See Gadsden
v. State, 915 S.W.2d 620, 622 (Tex. App.‑‑El Paso 1996, no
pet.); Barrera v. State, 914 S.W.2d 211, 212 (Tex. App.‑‑El
Paso 1996, pet. ref'd).  Regardless of its strength or weakness, if
any evidence raises the issue that the defendant was guilty only of the lesser
offense, then the charge must be given.  Saunders
v. State, 840 S.W.2d 390, 391 (Tex. Crim. App.
1992).  An accused is guilty only of a
lesser‑included offense if there is evidence that affirmatively rebuts or
negates an element of the greater offense, or if the evidence is subject to
different interpretations, one of which rebuts or negates the crucial
element.  See Ramirez, 976 S.W.2d
at 227.  It is not enough that the jury
may disbelieve crucial evidence pertaining to the greater offense.  See Skinner v. State, 956 S.W.2d 532,
543 (Tex. Crim. App. 1997), cert. denied, 523
U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677
(1998).  There must be some evidence
directly germane to the lesser‑included offense for the jury to consider
before an instruction on the lesser‑included offense is warranted.  See Ramirez, 976 S.W.2d at 227.  That the jury may disbelieve crucial evidence
pertaining to the greater offense is not sufficient to warrant the submission
of the lesser-included offense  submission
to the jury; there must be some evidence directly germane to the
lesser-included offense to warrant such submission.  Skinner, 956 S.W.2d at 543.  








At trial, Appellant requested that
the lesser-included offense of driving while intoxicated be included in the
charge to the jury.  The court denied the
request.  A person commits intoxication
assault if the person, by accident or mistake, while operating a motor vehicle
in a public place while intoxicated, by reason of that intoxication causes
serious bodily injury to another.  Tex. Pen. Code Ann. ' 49.07 (Vernon Supp. 2002).  A person commits the offense of driving while
intoxicated if the person is intoxicated while operating a motor vehicle in a
public place.  Tex. Pen. Code Ann. ' 49.04 (Vernon Supp. 2002).  Clearly, driving while intoxicated is a
lesser-included of offense of intoxication assault.  

Appellant maintains that the
instruction should have been given to the jury because it could have believed
that Appellant caused the accident but not as a result of any
intoxication.  He also contends that
tiredness or inattention could have caused the accident.  Appellant also argues that there was evidence
indicating that the other car ran the red light in that there was testimony
that the victim=s vehicle was following another vehicle and the second
vehicle probably ran a red light to keep up with the first car.  

However, there in nothing in the
record aside from speculation supporting these contentions.  There was no affirmative evidence at trial
which indicated tiredness or inattention. 
The driver of the victim=s van stated that he had a green light when he entered the
intersection.  There is no evidence to
the contrary.  The mere supposition that
the following van probably ran a red light to keep up with the first van will
not support the submission of the requested lesser-included offense.  We find that the evidence did not raise the
lesser-included offense of driving while intoxicated.  Issue No. One is overruled.








In Issue No. Two, Appellant asserts
that the evidence is legally insufficient to support the conviction.  In reviewing the legal sufficiency of the
evidence, we are constrained to view the evidence in the light most favorable
to the judgment to determine whether any rational trier
of fact could find the essential elements of the offense, as alleged in the
application paragraph of the charge to the jury, beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991); Butler v. State, 769 S.W.2d 234,
239 (Tex. Crim. App. 1989); Humason
v. State, 728 S.W.2d 363, 366 (Tex. Crim. App.
1987).  More particularly, sufficiency of
the evidence should be measured by the elements of the offense as defined by
the hypothetically correct jury charge for the case.  Malik v.
State, 953 S.W.2d 234, 239-40 (Tex. Crim. App.
1997).








Our role is not to ascertain whether
the evidence establishes guilt beyond a reasonable doubt.  Stoker v. State, 788 S.W.2d 1, 6 (Tex.
Crim. App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v.
State, 836 S.W.2d 700, 702 (Tex. App.‑‑El Paso 1992, pet. ref'd).  We do not
resolve any conflict in fact, weigh any evidence or evaluate the credibility of
any witnesses, and thus, the fact‑finding results of a criminal jury
trial are given great deference.  Menchaca v. State, 901 S.W.2d 640, 650-52
(Tex. App.‑-El Paso 1995, pet. ref=d); Adelman
v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992); Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim.
App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex. App.‑‑El Paso 1992, pet. ref'd);
Bennett v. State, 831 S.W.2d 20, 22 (Tex. App.‑‑El Paso
1992, no pet.).  Instead, our only duty
is to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence
admitted at trial in the light most favorable to the verdict.  Adelman, 828
S.W.2d at 421‑22.  In so doing, we
resolve any inconsistencies in the evidence in favor of the verdict.  Matson, 819 S.W.2d at 843
(quoting  Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988)).  The trier of fact,
not the appellate court, is free to accept or reject all or any portion of any
witness's testimony.  Belton v. State,
900 S.W.2d 886, 897 (Tex. App.--El Paso 1995, pet. ref=d).

The application paragraph in the court=s charge to the jury read:

 

Now if you find from the evidence beyond a reasonable
doubt that in Dallas County, Texas, on or about 18th day of March, 1998, the
defendant, EDWIN KILLIAN, did then and there while operating a motor vehicle in
a public place, to-wit: a street or highway, while intoxicated, in that the
defendant did not have the normal use of his mental or physical faculties by
reason of the introduction of alcohol into defendant=s body or defendant had a alcohol concentration of at
least 0.10, by accident or mistake and by reason of that intoxication, did
thereby cause serious bodily injury to Brian Driscoll, anther person, by
colliding his motor vehicle with the motor vehicle then occupied by the said
Brian Driscoll, then you will find the defendant guilty as charged in the
indictment.  

 

Appellant maintains that the evidence
is legally insufficient because the State failed to establish a causal
connection between the intoxication and the assault.  In the present case there was testimony from
police witnesses and eyewitnesses that Appellant was intoxicated.  His blood alcohol concentration was 0.14
after the accident.  There was testimony
that Appellant ran a red light.  While
the evidence only circumstantially connected Appellant=s intoxication to the collision,
viewing the evidence in the light most favorable to the verdict, we find that
the connection was sufficient to support the conviction.  See Anderson v. State, 774 S.W.2d 733,
736 (Tex. App.-- Houston [14th Dist.] 1989, no pet.).  Issue No. Two is overruled.








In Issue No. Three, Appellant
maintains that the evidence is factually insufficient to support the
conviction.  When conducting a review of
the factual sufficiency of the evidence, we consider all of the evidence, but
we do not view it in the light most favorable to the verdict.  Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996); Levario v. State, 964 S.W.2d
290, 295 (Tex. App.‑‑El Paso 1997, no pet.).  We review the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compare
it with the evidence that tends to disprove that fact.  Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000); Jones v. State, 944 S.W.2d
642, 647 (Tex. Crim. App. 1996), cert. denied,
522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54
(1997).  A defendant challenging the
factual sufficiency of the evidence may allege that the evidence is so weak as
to be clearly wrong and manifestly unjust, or in a case where the defendant has
offered contrary evidence, he may argue that the finding of guilt is against
the great weight and preponderance of the evidence.  See Johnson, 23 S.W.3d at 11.  Although we are authorized to set aside the
fact finder's determination under either of these two circumstances, our review
must employ appropriate deference and should not intrude upon the fact finder's
role as the sole judge of the weight and credibility given to any evidence
presented at trial.  See Johnson,
23 S.W.3d at 7.  We are not free to reweigh
the evidence and set aside a verdict merely because we feel that a different
result is more reasonable.  Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App.
1997); Clewis, 922 S.W.2d at 135.








Appellant maintains that the evidence
is factually insufficient because it is more likely that the van with the band
members ran the red light.  Appellant
reasons that even if it was established that Appellant ran the red light, there
are numerous other reasons for the cause of the accident such as fatigue.  Appellant reasons that the evidence was
factually insufficient to show the causal connection between the accident and
intoxication.  As stated, there was
evidence from numerous witnesses that Appellant was intoxicated.  There was testimony that he ran the red light.  The sole evidence favorable to Appellant,
aside from speculation as to who caused the accident, was from his passenger
who stated that Appellant had consumed only six drinks during the night and he
did not think Appellant was intoxicated. 
He was asleep at the time the accident occurred.  We find that Appellant has failed to disprove
any elemental fact established by the State and we hold that the evidence is
factually sufficient to support the conviction. 
Issue No. Three is overruled.

In Issue No. Four, Appellant contends
that the prosecutor utilized improper jury argument.  During argument, the prosecutor faulted
defense counsel for attempting to place the blame for the accident on Patrick
Hennessy.  We note that Appellant did not
object to this argument.  Accordingly,
the error, if any, has not been preserved. 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996).  Issue No. Four is overruled.


In Issue No. Five, Appellant asserts
that the court erred in failing to instruct the jury regarding the consequences
of parole as set forth in Article 37.07, Section 4(a) of the Code of Criminal
Procedure.  The jury was not instructed
regarding the mandatory parole instruction found in Tex. Code Crim. Proc. Ann. art.
37.07 ' 4(a) (Vernon Supp. 2002).  The jury was instructed that:

You are further instructed that in determining the
punishment in this case, you are not to discuss among yourselves how long the
defendant will be required to serve any sentence you decide to impose.  Such matters come within the exclusive
jurisdiction of the Board of Pardons and Paroles of the State of Texas and are
no concern of yours.  








Although at the punishment stage of
trial, the record does not reveal that the court asked if there were any
objections to the charge, there is no indication in the record that Appellant
requested the parole instruction or objected to its omission in the
charge.  During the punishment stage of
trial the parties stipulated that Appellant had three prior misdemeanor
convictions for possession of a controlled substance, criminal trespass and
harassment.  

When reviewing charge error, the
appellate court must conduct a two‑step review:  the appellate court must first determine
whether there was actual charge error, and if so, the court then takes the next
step of determining whether sufficient harm resulted to require reversal.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984).  The standard to determine if the
harm is sufficient to require reversal depends upon whether the error was properly
preserved.  Where there was a proper
objection to preserve the error on appeal, the court only looks for "some
harm."  Where there was not a proper
objection and the error is urged for the first time on appeal, the appellate
court looks for "egregious harm." 
Id.  As the error in this
case is undisputed but unobjected to, reversal is
warranted only if we find that the error caused "egregious
harm."  In other words, a reversal
is required only if the accused was denied a fair and impartial trial.  Id.  In making this determination, "the actual
degree of harm must be assayed in light of the entire jury charge, the state of
the evidence, including the contested issues and weight of probative evidence,
the argument of counsel and any other relevant information revealed by the
record of the trial as a whole."  Id.  Further, there is a required showing of
actual, not just theoretical harm.  Id.
at 174.  

 








Appellant urges that egregious harm
is shown in the intoxication manslaughter case because jurors have been exposed
to publicity concerning inmates serving a small portion of their sentences and
the omitted charge would have benefitted Appellant by
informing the jury that the parole eligibility date would be much later than
they had previously thought.  Also,
Appellant maintains that as the jury assessed punishment at ten (10) years= probation on the intoxication
assault case, they must have believed that Appellant would be out of prison on
the manslaughter case in a short period of time and they would receive
supervised probation.  

However, as stated, the demonstration
of harm must be actual and not just theoretical.  Id. 
There is no evidence in the record that the punishment assessed was
influenced by any juror's misunderstanding or misstatement of the law of good
time or parole.  See Cormier v. State,
955 S.W.2d 161, 164 (Tex. App.--Austin 1997, no pet.).  Furthermore, the permissible range of
punishment was five to twenty years= imprisonment.  There was evidence that Appellant has three
prior misdemeanor convictions.  The
prosecutor did not argue good time or parole in his argument to the jury and
the question of good time or parole was not mentioned at any time during the
trial.  Also, the instruction actually
given to the jury about the parole law is generally regarded as a curative
factor against a finding of harm when determining whether the omission of the
statutory parole instruction harmed a defendant.  Underwood v. State, 927 S.W.2d 661,
663 (Tex. App.--Texarkana 1996, no pet.). 
Appellant has not demonstrated that the omission of the statutory parole
instruction was so egregiously harmful as to deny him a fair and impartial
trial.  Issue No. Five is overruled.

 

In Issue No. Six, Appellant contends
that the court erred in denying Appellant=s challenge for cause regarding one
of the veniremembers. 
In order to preserve error regarding this type of contention, an
Appellant must:  (1) use all of his
peremptory strikes; (2) ask for and be refused additional peremptory strikes;
and (3) be forced to take an identified objectionable juror whom Appellant
would not otherwise have accepted had the trial court granted his challenge for
cause or granted him additional peremptory strikes.  Garcia v. State, 16 S.W.3d 401, 408
(Tex. App.--El Paso 2000, pet. ref=d); Davila v. State, 930
S.W.2d 641, 648 (Tex. App.‑‑El Paso 1996, pet. ref'd).  We note that Appellant failed in the record
to show that he used all his peremptory strikes, asked for and was refused
additional peremptory strikes, and was then forced to take an identified
objectionable juror whom Appellant would not otherwise have accepted had the
trial court granted his challenge for cause or granted him additional
peremptory strikes so that he might strike the juror.  Absent these requirements, Appellant has failed
to preserve this issue on appeal.  Issue
No. Six is overruled.  

In Issue No. Seven, Appellant
maintains that the court erred in admitting evidence of the blood test and the
retrograde extrapolation testimony of witness Chris Hartsell.  However, we find that Appellant has failed to
preserve this issue on appeal.  Appellant
failed to object to this testimony either at trial or in his motion to suppress
the blood sample.  Tex. R. App. P. 33.1; Taylor v.
State, 863 S.W.2d 737, 737-38 (Tex. Crim. App. 1993);
Miller v. State, 939 S.W.2d 681, 687 (Tex. App.--El Paso 1996, no
pet.).  Accordingly, Issue No. Seven is
overruled.  

Having overruled each of Appellant=s issues on review, we affirm the
judgment of the trial court.

August 22, 2002

 

 

                                                                                                                                                RICHARD
BARAJAS, Chief Justice

 

Before
Panel No. 4

Barajas,
C.J., Larsen, and McClure, JJ.

 

(Do
Not Publish)











[1]  Appellant was
also convicted of intoxication manslaughter and punishment was assessed at
seventeen years= imprisonment and a $10,000 fine.  Both cases arose out of the same incident and
were tried together.  That case is also
before us on appeal with our case No. 08-01-00032-CR.