In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00068-CR
______________________________


EULAN DARRYL VANSCHOYCK, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 5th Judicial District Court
Cass County, Texas
Trial Court No. 2004-F-00129


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Carter


O P I N I O N

            Eulan Darryl Vanschoyck was convicted by a Cass County jury for the offense of sexual
assault of a child. The jury assessed and the trial court imposed a sentence of ten years' confinement. 
Vanschoyck appeals bringing forward two issues: (1) the legal and factual sufficiency of the
evidence to establish venue in Cass County, Texas, and (2) the failure of the trial court to give the
jury an instruction regarding the parole law. We affirm the judgment of the trial court.
Factual Background
            Vanschoyck does not attack the sufficiency of the evidence concerning the sexual assault,
but argues only that venue was not shown to be proper in Cass County, Texas. Therefore, we will
not delve into all of the facts of the assault. B.J., a child who was sixteen years old at the time, lived
temporarily with her father,


 Phillip Ray Lasster, Jr. Also living at that house was Kristi Kirk and
a man she considered her uncle, Vanschoyck. On or about November 28, 2003, all members of this
household had been drinking alcoholic beverages. Vanschoyck drove his vehicle, and B.J. and Kristi
rode with him, on a country road in the southern part of Cass County. Sometime that evening, B.J.
and Vanschoyck engaged in oral sex with each other. On being asked where they went that night,
B.J. responded, "Riding around the Lodi road, a blacktop." John Garrett, the Cass County
investigator, to whom B.J. and Kristi gave statements, testified he understood it occurred somewhere
in the Lodi area, which is in the southern part of Cass County. At the conclusion of the State's case,
Vanschoyck moved for an instructed verdict on the venue issue, which was denied by the trial court. 
Venue
            Generally, the issue of venue need only be proven by a preponderance of the evidence. See
Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005); Hignite v. State, 522 S.W.2d 210 (Tex.
Crim. App. 1975). However, Vanschoyck argues that the general rule does not apply in this case
because the jury was instructed it must find "beyond a reasonable doubt . . . about the 28th day of
November, 2003, in the County of Cass, and State of Texas" that Vanschoyck committed the offense. 
Therefore, since the jury was so instructed, it was required to make this finding of venue beyond a
reasonable doubt. For this proposition, Vanschoyck cites Cunningham v. State, 848 S.W.2d 898,
902 (Tex. App.—Corpus Christi 1993 pet. ref'd), which in turn relied on Arceneaux v. State, 803
S.W.2d 267, 270–71 (Tex. Crim. App. 1990). While the evidence in this case is sufficient to
establish the venue facts beyond a reasonable doubt, we do not believe that is the correct standard. 
            The law in the State of Texas at one time required that sufficiency of the evidence must be
measured by the jury charge actually given. In Arceneaux, the jury was charged that the State must
prove beyond a reasonable doubt that an exhibit contained cocaine, when in fact the exhibit was an
empty envelope from which the cocaine had been removed and consumed in the testing process. The
Texas Court of Criminal Appeals held that, once the jury had been so instructed, the State must
produce such proof, and the failure to do so resulted in the evidence being legally insufficient. This
view of the law has been dramatically altered. 
            In Malik v. State, the Texas Court of Criminal Appeals reviewed this line of cases requiring
the sufficiency of the evidence to be measured by the jury charge, and specifically overruled those
cases. 953 S.W.2d 234, 239–40 (Tex. Crim. App. 1997) ("No longer shall sufficiency of the
evidence be measured by the jury charge actually given."). Instead, the Texas Court of Criminal
Appeals announced that the test was based on the elements of the offense as defined by the
hypothetically correct jury charge. Id. at 240. 
            Cunningham, the case on which Vanschoyck relies, was based on Arceneaux and the cases
that have now been specifically overruled. See Cunningham, 848 S.W.2d 902 n.1. In Cunningham,
the jury was instructed that it must find the defendant committed the crime beyond a reasonable
doubt in Brazos County, Texas, and, therefore, that standard was used to test the sufficiency of the
evidence. The Corpus Christi court was following the law as established by the Texas Court of
Criminal Appeals at that time. Clearly, Cunningham no longer is in accord with the precedents of
the Texas Court of Criminal Appeals. The correct test for judging sufficiency of the evidence is
based under the hypothetically correct jury charge. Here, that means we should judge the sufficiency
of the evidence based on a preponderance of the evidence. See Tex. Code Crim. Proc. Ann. art.
13.17.
            B.J. testified the sexual assault occurred "around the Lodi road, a blacktop." Garrett testified
that "no on[e] knew exactly the location. It was somewhere in the Lodi area, which is in the south
part of the county." He was then further asked, "And that's in Cass County, correct?"


 to which he
answered, "Yes." There was no evidence to the contrary. 
            Traditionally, the test for determining legal sufficiency requires the appellate court to review
all the evidence in the light most favorable to the verdict and determine whether any rational trier
of fact could have found the essential elements of the crime "beyond a reasonable doubt." Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000). 
That test presupposes that all essential elements of a crime are required to be proved beyond a
reasonable doubt. By statute, the venue element only requires proof by a preponderance of the
evidence. Therefore, as to the issue of venue, we judge the legal sufficiency of the evidence using
the usual test, except the element of venue only requires proof that meets the preponderance of the
evidence test. Similarly, a factual review of the evidence traditionally determines, after reviewing
the evidence in a neutral light, whether the evidence supporting the finding, considered alone, is too
weak to support the jury's finding beyond a reasonable doubt or if contravening evidence is so strong
that the State could not have met its burden of proof. Zuniga v. State, 144 S.W.3d 477, 484–85 (Tex.
Crim. App. 2004). Here, the burden on the State is only to prove the venue facts by a preponderance
of the evidence, rather than the beyond a reasonable doubt standard.
            Judging this evidence for both legal and factual sufficiency, we find the evidence to be legally
and factually sufficient. We further find that the evidence is sufficient even if the test for proof of
venue facts was based on the beyond a reasonable doubt standard. 
2.         Parole Law Instruction
            Vanschoyck further urges that the trial court erred by failing to include in the jury charge a
parole law instruction as required by Article 37.07, Section 4 of the Texas Code of Criminal
Procedure. Tex. Code Crim. Proc. Ann. art. 37.07, § 4 (Vernon Supp. 2005). Vanschoyck did not
object to the omission of the parole law instruction. Article 37.07, Section 4 requires that the
instruction be given to the jury and it is error to fail to do so. Myres v. State, 866 S.W.2d 673 (Tex.
App.—Houston [1st Dist.] 1993, pet. ref'd). Since no objection was made, Vanschoyck must show
that egregious harm resulted from the omission, or otherwise the error is not reversible. Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). Egregious harm results from
errors that deny a defendant a "fair and impartial trial," "go to the very basis of the case," "deprive
[the defendant] of a 'valuable right,'" or "vitally affect his defensive theory." Id. at 172. To
determine whether there was egregious harm, we consider (1) the entire jury charge, (2) the evidence
on contested issues and the weight of probative evidence, (3) counsel's argument, and (4) any other
relevant information in the record. Bailey v. State, 867 S.W.2d 42, 43 (Tex. Crim. App. 1993);
Taylor v. State, 146 S.W.3d 801, 810 (Tex. App.—Texarkana 2004, pet. ref'd).
            Vanschoyck argues that the parole law instruction would have benefitted him in this case. 
The argument is that Vanschoyck was fifty-five years of age at the time of trial, had never been
convicted of any felonies or misdemeanors, and was eligible for community supervision. He argues
that, if the jury had been instructed that he would serve one half of the sentence without good time
credit, there is a substantial likelihood the sentence would have been more lenient.
            One of the first cases to analyze a situation similar to this was Grigsby v. State, 833 S.W.2d
573 (Tex. App.—Dallas 1992, pet. ref'd). In Grigsby, the trial court omitted entirely the parole law
instruction and the defendant objected. Therefore, the standard for reversal was whether the error
was calculated to injure the appellant's rights. Almanza, 686 S.W.2d at 171. Any actual harm,
regardless of degree, would require reversal. Grigsby, 833 S.W.2d at 576. In Grigsby, the Dallas
court held that the parole law instruction benefitted the State, not the appellant. Id. The instruction
was designed to increase jury sentences. Id. On the facts of that case, the court found the defendant
had suffered no harm.
            This Court has addressed a similar fact situation in Underwood v. State, 927 S.W.2d 661
(Tex. App.—Texarkana 1996, no pet.). In Underwood, the defendant was assessed a seventy-year
sentence for aggravated sexual assault. The trial court omitted the statutory parole law instruction,
but gave an instruction that the jury was not to discuss how long the defendant was required to serve;
such matter was the province of the Board of Paroles and the Governor and of no concern to the jury. 
Id. at 662. This Court recognized Grigsby's observation that it is generally considered that the parole
law is designed to increase jury sentences and thus favors the State, not the accused. Id. at 663. In
Underwood, a similar argument was made as in this case—the parole law instruction would have
favored the defendant because of the flat time requirement and the one-half rule in light of the youth
of the defendant and his impaired mental faculties. Id. In Underwood, we pointed out that the
sexual assault was on a four-year-old child; that the defendant had a history of misdemeanor assaults;
and that he was on deferred adjudication community supervision for assault. Further, the State's
argument did not mention parole or good conduct time. We held that the omission of the statutory
parole law instruction was not egregious error. 
            Vanschoyck also cites us to our cases in Hill v. State, 30 S.W.3d 505 (Tex. App.—Texarkana
2000, no pet.), and Rogers v. State, 38 S.W.3d 725 (Tex. App.—Texarkana 2001, pet. ref'd). Rogers
was similar in that the trial court omitted the parole law instruction, but the issue before this Court
was whether the trial court erred by sending an incorrect response to a jury question about the parole
law. Id. at 728. The trial court responded to a jury question by sending an answer concerning parole
that did not incorporate all the provisions of the statutory parole law instruction. This Court cited
Ramos v. State, 831 S.W.2d 10, 17–18 (Tex. App.—El Paso 1992, pet. ref'd), for the proposition
that, where a defendant did not object to the absence of the parole law instruction if the jury raises
a question about parole law the court is required to give a full and complete response. The response
given to the jury in Hill was incomplete, advising the jury that a life sentence meant the defendant
must serve a minimum of thirty years before being eligible for parole, but the instruction did not
point out that eligibility for parole did not guarantee it would be granted, or that the application
depended on factors that could not be predicted. It also failed to advise the jury that it could consider
only the existence of the parole law and not consider how it might be applied to that particular
defendant. In other words, the trial court gave the jury information that the defendant could possibly
be discharged early, but did not identify the limitations placed on the obtaining of parole. This Court
found that the instruction given was error and, due to the State's argument to the jury on the issue
of parole, found such error caused egregious harm. Additionally, Rogers was assessed the maximum
punishment (life imprisonment). It could very well be said that such an incomplete and inaccurate
instruction is worse than no instruction at all. We believe Rogers offers some assistance in
determining the outcome of this case, but we do see a major difference in the procedural background
of the two cases. 
            In Hill, the court gave a parole law instruction, but improperly advised the jury the defendant
would not be eligible for parole until the actual time served plus good conduct time equaled one half
of the sentence or thirty years. In reality, since the defendant was convicted of aggravated robbery,
he was not eligible for good conduct time. This Court found the instruction was a misstatement of
the law and constituted egregious error. The obvious difference in Hill and this case is that in Hill
the jury was instructed concerning parole, but the instruction misstated the law to the defendant's
detriment. Here, the jury was not given any instruction concerning the parole law. The question in
this case is whether the complete omission of the parole law instruction constitutes egregious harm
under the facts and circumstances presented. We do not believe that it does.
            The procedural background of this case is much more similar to Underwood than Rogers or
Hill. Both this case and Underwood involved the complete omission of the parole law instruction. 
As we did in Underwood, we look at the relevant facts to determine if the error caused egregious
harm. Here, the jury assessed a punishment of ten years' confinement, which is the mid-point of the
range it was to consider, even though the State argued that the facts of the case merited a twenty-year
sentence. The facts presented to the jury were that Vanschoyck took B.J. and another female onto
a country road after they had all been drinking. At the guilt/innocence phase, the evidence was that
Vanschoyck had B.J. perform oral sex on him, and he then performed oral sex on her. Vanschoyck
testified at the punishment hearing at first that he "never touched her," but later admitted that he
drank "a gallon of whiskey" and that the incident "[M]ight have happened. But like I said, I was
drinking that gallon of whiskey." No other witnesses testified on behalf of Vanschoyck. 
            As we have noted, no objections were made to the jury charge. This is significant because
a reasonable argument can be made that the better trial strategy is to forego an objection that the
parole law instruction was omitted. As several courts have pointed out, the original rationale for the
Legislature requiring the inclusion of this issue was not to aid defendants in obtaining more lenient
sentences. Most courts have agreed that the parole law instruction chiefly favors the State,


 and an
attorney could reasonably decide not to object to its omission, which could be promptly cured if such
an objection was presented. In addition, no argument was made during the State's closing argument
regarding the parole law instruction, whereas in Rogers, the State specifically mentioned parole to
the jury.
            After considering the entire charge of the court, the facts presented, and the arguments of
counsel to the jury, we do not believe that Vanschoyck has shown that the failure to include the
parole law instruction in the jury charge resulted in egregious harm. 
            We affirm the judgment of the trial court. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          March 8, 2006
Date Decided:             March 14, 2006

Publish