

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00082-CR

REGINALD REECE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 11F0746-202

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

The Bowie County jury had found Reginald Reece guilty of theft of property valued at $500.00 or more but less than $1,500.00, and was deliberating his punishment, which was, due to enhancements, twenty years' imprisonment at most.[1] The jury—which had not been given the statutorily required instruction not to consider the effect of parole—sent a note asking the trial court the average time served on a sentence and "if you serve a 20 year term how soon is parole?" After being told that the trial court could not answer the question, the jury assessed Reece the maximum twenty-year punishment, and he was so sentenced.

On appeal, Reece claims egregious harm from the trial court's failure to include the statutorily required parole admonishment. We agree, reverse, and remand this case for a new trial on punishment.[2]

Absent specific situations where a convicted defendant is not eligible for parole, the trial court's punishment charge to the jury is statutorily required to include language describing the existence of parole and the concept of good-conduct time and specifically advising the jury not to consider the possible effects of parole or good-conduct time on the defendant's sentence.

---

[1]The indictment alleged theft of property valued at $500.00 or more but less than $1,500.00 and Reece had twice before been convicted of theft; this made the charged offense a state jail felony. TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2013). The State also alleged and proved two prior, sequential non-state jail felonies, making the offense subject to punishment as a second degree felony. TEX. PENAL CODE ANN. § 12.425(b) (West Supp. 2013). Had the jury not found the sentence enhancements true, Reece's conviction would have been for a state jail felony, and he would not have been eligible to earn good-conduct time credit or parole. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(h)(1) (West Supp. 2013); *see also* TEX. GOV'T CODE ANN. § 508.141(a) (West Supp. 2013); *Best v. State*, 118 S.W.3d 857, 866 (Tex. App.—Fort Worth 2003, no pet.).

[2]Though Reece also claims that he received ineffective assistance of counsel and that, without a bill of costs, insufficient evidence supports the imposition of court costs, we decline to address these latter points as the parole issue is dispositive.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4 (West Supp. 2013). It is error not to include this mandatory instruction in charging the jury. *See Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002); *Myres v. State*, 866 S.W.2d 673 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd).

The trial court's punishment charge to the jury did not include the required language on good-conduct time credit or parole, nor did it instruct the jury "not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant" and "not to consider the manner in which the parole law may be applied to this particular defendant." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(c). Therefore, jury charge error occurred. We must determine whether the error was harmful.[3] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

Because Reece did not object to the trial court's failure to include the required instruction, reversal is required only if egregious harm resulted. *Myres*, 866 S.W.2d at 674; *Almanza*, 686 S.W.2d at 171. Egregious harm results from errors that deny a defendant a "fair and impartial trial," "go to the very basis of the case," "deprive [the defendant] of a 'valuable right,'" or "vitally affect his [or her] defensive theory." *Almanza*, 686 S.W.2d at 172. To determine whether there was egregious harm, we consider (1) the entire jury charge, (2) the evidence on contested issues and the weight of probative evidence, (3) counsel's argument, and

---

[3]Our review of alleged jury charge error involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). First, we determine whether an error occurred. *Id.* at 731–32. If error is present, we "must determine whether sufficient harm resulted from the error to require reversal." *Id.*; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). The level of harm an appellant must demonstrate as having resulted from the erroneous jury instruction depends on whether the appellant properly objected to the error. *Abdnor*, 871 S.W.2d at 732. When a proper objection is made at trial, reversal is required if the error is "calculated to injure the rights of defendant"—the appellant need only demonstrate "some harm" on appeal. *Id.*; *see also Almanza*, 686 S.W.2d at 171. When charge error has not been made the subject of an objection, reversal is required only when "the error is so egregious and created such harm that he 'has not had a fair and impartial trial'—in short 'egregious harm.'" *Almanza*, 686 S.W.2d at 171.

(4) any other relevant information in the record. *Warner v. State*, 245 S.W.3d 458, 461–62 (Tex. Crim. App. 2008); *Taylor v. State*, 146 S.W.3d 801, 810 (Tex. App.—Texarkana 2004, pet. ref'd). Direct evidence of harm is not necessary to establish egregious harm. *See Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996), *overruled on other grounds by Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013); *Castillo-Fuentes v. State*, 707 S.W.2d 559, 563 (Tex. Crim. App. 1986); *Hill v. State*, 30 S.W.3d 505, 507–08 (Tex. App.—Texarkana 2000, no pet.).

We have previously been faced with similar situations. *See, e.g.*, *Villarreal v. State*, 205 S.W.3d 103 (Tex. App.—Texarkana 2006, pet. ref'd, untimely filed); *Underwood v. State*, 927 S.W.2d 661 (Tex. App.—Texarkana 1996, no pet.).

The *Villarreal* trial court failed to include the language required by Article 37.07, Section 4 of the Texas Code of Criminal Procedure, and the jury sent a note asking if it was possible to "find out how many years [Villarreal] would actually serve compared to how many we sentence." *Villarreal*, 205 S.W.3d at 105. The trial court answered, "No. Such information is completely beyond our control. It is controlled entirely by the Board of Pardons and Paroles." *Id*. Villarreal was assessed the maximum sentence, twenty years, for aggravated assault with a deadly weapon. When considering just the evidence of the severity of Villarreal's assault, we found that the harm from the omission of the parole instruction was not egregious. We found egregious harm, however, because "the jury was concerned with application of the parole law, [and] the trial court was required to give the mandatory parole instruction pursuant to Article 37.07." *Id.* at 107.

4

Instead of the instruction mandated by Article 37.07 of the Texas Code of Criminal Procedure, the *Underwood* trial court's charge instructed the jury not to discuss how long the defendant would be required to serve any sentence assessed; "Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are of no concern of yours." *Underwood*, 927 S.W.2d at 662. We considered that the seventy years assessed was less than the possible life sentence available; Underwood had sodomized a four-year-old boy, had a history of misdemeanor assaults, and was, at the time of the instant offense, on deferred adjudication for sexually assaulting a fourteen-year-old girl and threatening to kill her if she told anyone. There was no mention of parole or good-conduct credit at any point in the trial. *Id.* at 663. We also said that "the instruction actually given to the jury about the parole law is generally regarded as a curative factor against a finding of harm when determining whether the omission of the statutory parole instruction harmed a defendant." *Id.* (citations omitted). We concluded that egregious harm was not shown.

A trial court also failed to give the required instruction in *Vanschoyck v. State*, 189 S.W.3d 333 (Tex. App.—Texarkana 2006, pet. ref'd). Unlike *Underwood*, though, no subsequent instruction was given. There was no mention of the parole-law instruction in the State's closing argument. Vanschoyck was sentenced to ten years' incarceration, which was in the middle of the second degree punishment range. We opined that it was a reasonable trial strategy to forego the instruction, which was not designed to aid defendants in getting more lenient sentences. In light of these circumstances, as well as the evidence in the case, we found egregious harm had not been shown. *Id.* at 338–39.

5

We contrasted the situation in *Vanschoyck* with *Rogers* and *Hill*. *See Rogers v. State*, 38 S.W.3d 725 (Tex. App.—Texarkana 2000, no pet.); *Hill*, 30 S.W.3d 505. In *Rogers*, we found egregious harm where the statutory instruction was not given in the charge, and the trial court answered a jury note about the length of a life sentence by incorrectly answering that the defendant would serve at least thirty years. That trial court also failed to instruct the jury that eligibility for parole did not guarantee granting of same, that parole depended on factors which could not be predicted, and that the jury was not to consider how the parole law might be applied to that particular defendant. *Rogers*, 38 S.W.3d at 729.

In *Hill*, the trial court's charge erroneously instructed the jury that Hill would be eligible for parole when his actual time served, plus any good-conduct time, equaled one-half of his sentence or thirty years, whichever was less. *Hill*, 30 S.W.3d at 507. This misstatement of the law "misled the jury and seriously affected how it viewed the existence of parole and good conduct time"; we found egregious harm. *Id.* at 508–09.

In Reece's situation, neither the statutorily required instruction nor any curative instruction was given. As in *Villarreal*, the absence of the instruction may not, alone, have amounted to egregious harm; but "when it became apparent the jury was concerned with application of the parole law," as evidenced by the jury's note inquiring how soon Reece would be eligible for parole if assessed a twenty-year sentence, "the trial court was required to give the mandatory parole instruction pursuant to Article 37.07." *Villarreal*, 205 S.W.3d at 107. In the case before us, the jury clearly was contemplating the effect of parole on any sentence they

6

assessed. Their note asked the trial court about the average time served on a sentence and, "[I]f you serve a 20 year term how soon is parole?"

As evidence of harm, Reece points out both that he was assessed the maximum punishment of twenty years and that twenty years is the term of sentence mentioned in the jury's note. He also notes that, while there was evidence of habitual criminality, the instant crime for which he was tried and convicted did not involve violence. He also mentions a 1995 conviction in Arkansas for robbery, for which he was sentenced to forty years' confinement. However, about eleven years after that sentence, Reece had been arrested and convicted in Texas for criminal trespass; Reece argues this led to an easy inference by the jury that the Arkansas forty-year sentence only yielded around ten years of actual imprisonment.[4]

We now review, for egregious harm, the jury charge, evidence on contested issues, the weight of probative evidence, argument of counsel, and any other relevant information in the record. *See Warner*, 245 S.W.3d at 461. Other than the absence of the required admonitions on parole, the trial court's charge contains correct statements of law and instructions.

Since this error occurred at punishment, the contested issue at hand was the punishment to be recommended by the jury. The probative evidence included fifteen or so prior convictions, spanning from 1982 to the present conviction. Other than the Arkansas robbery and its sentence of forty years, nine of the prior convictions appear to have been misdemeanors. Two state jail

---

[4]Reece also complains that the trial court refused to let him explore the circumstances of the Arkansas robbery or other prior convictions. The trial court has discretion in admitting any evidence the court deems relevant to sentencing. Reece was able to testify that the Arkansas conviction arose from the theft of two cartons of cigarettes, but he made no attempt to make any offer of proof as to what else he would have had the court allow him to present about any of his prior convictions. We thus have nothing to review of this complaint. *See* TEX. R. APP. P. 33.2; *McGee v. State*, 35 S.W.3d 294, 303 (Tex. App.—Texarkana 2001, pet. ref'd).

felony theft cases earned Reece sentences of one year and 270 days, respectively; the possession of a controlled substance conviction was punished with four years' incarceration; and the two aggravated assaults, approximately thirty-one and twenty-three years before the instant trial, respectively, were punished with sentences of two and five years, respectively.[5] The jury also had before it the evidence from the guilt phase which led to Reece's conviction.[6] Two of the prior felony convictions were used to enhance the range of punishment to that of a second degree felony. *See* TEX. PENAL CODE ANN. § 12.425(b).

The State's closing argument stressed Reece's long criminal history. The State pointed out to the jury that, though Reece was sentenced to forty years' incarceration for the Arkansas robbery charge in 1995, by 2006 he was out committing more crimes. Pointing to Reece's many convictions, the State at least twice urged the twenty-year maximum sentence. In his closing argument, Reece's attorney acknowledged Reece's criminal acts and the greed involved in the current theft.[7] He reminded the jury, however, that the aggravated assault convictions were long ago, one more than two decades past and the other, almost three. Reece's attorney suggested that the jury double the most serious prior state jail felony punishment and assess a sentence of two years' confinement. Neither party mentioned parole in closing argument.

---

[5]Reece was placed on probation for the first aggravated assault in 1982 and subsequently revoked and sentenced to two years' confinement.

[6]Reece was seen in the Walmart in Texarkana, Texas, taking video games, a car stereo, and cans of Freon; he made about three trips to and from his car, taking more items each time. This led to his conviction for theft of property valued at $500.00 or more but less than $1,500.00.

[7]"He's a thief. He's a lousy thief. He gets caught every time."

8

As far as other relevant matters in the record, the jury's note is quite persuasive in prompting a finding of egregious harm. Not only was the required instruction not given, but, when the jury asked the impact of parole on a twenty-year sentence, it received no curative instruction. Most importantly, the jury was not instructed specifically not to consider the effect of parole on any sentence it might assess. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(c); *cf. Underwood*, 924 S.W.2d at 662 (instruction not to discuss how long defendant would actually serve, "[s]uch matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas and are no concern of yours" was "generally regarded as a curative factor against a finding of harm"). In contrast, though, we also observe that the required instruction is generally considered to favor the State and increase sentences. *Stewart v. State*, 293 S.W.3d 853, 856 (Tex. App.—Texarkana 2009, pet. ref'd).[8]

This case is very similar to *Villarreal* and *Hill* and analogous to *Rogers*. The lack of the required instruction, alone, might not have been harmful. But, because the jury, at the time of its deliberation on punishment, expressed its interest in the effect of parole, received no instruction, and assessed the maximum sentence, the failure to give the statutorily required instruction caused egregious harm. *See Villarreal*, 205 S.W.3d at 110. We sustain this point of error.[9]

---

[8]However, as we also acknowledged in *Stewart*, "[T]he instructions can also help the defendant, because the jury could learn that the defendant would serve longer than it expected and could be influenced to assess less time." *Stewart*, 293 S.W.3d at 856–57 (citing *Hooper v. State*, 255 S.W.3d 262, 272 (Tex. App.—Waco 2008, pet. ref'd)); *Williams v. State*, 975 S.W.2d 375, 378 (Tex. App.—Waco 1998, pet. ref'd).

[9]Reece also argues that his trial counsel was ineffective for failing to object to the defective jury charge. Because we grant relief on the jury-instruction error, we will not address this point. Reece's final point claims the evidence is insufficient to support the trial court's assessment of court costs because there is no certified bill of costs. In its brief, the State points out that this Court could order the record supplemented to include a bill of costs. This is true, so could the State. *See* TEX. R. APP. P. 34.5(c)(1). Although we have authority under Rule 34.5(c) of the Texas Rules of Appellate Procedure to make sua sponte supplementation requests, we generally only use this authority

We reverse the judgment as to punishment and remand this case to the trial court for a new punishment hearing.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:     January 23, 2014
Date Decided:       May 6, 2014

Do Not Publish

---

when necessary for a proper presentation of the case. *See Alexander v. State*, No. 06-12-00133-CR, 2013 Tex. App. LEXIS 10511 (Tex. App.—Texarkana Aug. 21, 2013, pet. granted) (mem. op., not designated for publication), *vacated,* No. PD-1309-13, 2014 Tex. Crim. App. Unpub. LEXIS 384 (Tex. Crim. App. Apr. 16, 2014); *see also Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (rejecting State's request for remand to supplement record with evidence supporting attorney's fees awarded as court costs). The State cites us to *Shockley v. State*, No. 05-12-00707-CR, 2013 Tex. App. LEXIS 12875 (Tex. App.—Dallas Oct. 16, 2013, pet. ref'd) (mem. op., not designated for publication), where the Dallas Court of Appeals apparently ordered sua sponte the record supplemented to include a certified bill of costs. While this procedure is authorized, such sua sponte supplementation is not generally the policy of this Court, unless necessary for proper presentation of the case. This matter is not ripe for our review as we are remanding this case for a new punishment hearing.